OPINION
This is an accelerated calendar appeal. Appellant, Robert Rondini, appeals from a final judgment of the Lake County Court of Common Pleas dismissing his counterclaim with prejudice. For the reasons that follow, we affirm the judgment of the trial court.
On August 27, 1998, appellee, Daniel F. Marinucci, filed a complaint in the Painesville Municipal Court for forcible entry and detainer, along with a claim for damages, against appellant and his fiancée, Sharon Evans ("Evans").[1] The case was scheduled for an eviction hearing on September 17, 1998, at which time neither appellant nor Evans appeared. As a result, the trial court found that the allegations in the complaint were true, and that appellee was entitled to possession of the property.
The case proceeded on appellee's damages claim with appellant and Evans filing an answer to the complaint on September 25, 1998. Included in their answer was a counterclaim for wrongful eviction, breach of contract, fraud, and unjust enrichment. On October 27, 1998, appellee filed an answer to the counterclaim.
Because the damages sought in the counterclaim exceeded the monetary jurisdiction of the Painesville Municipal Court, the case was transferred to the Lake County Court of Common Pleas on December 1, 1998. Shortly thereafter, the attorney representing appellant and Evans filed a motion to withdraw. The request was granted by the trial court on January 7, 1999.
For the next six months, appellant and Evans represented themselves. However, in June 1998, they retained Richard T. Seman, Jr. ("Seman"), to represent them in the action.
On June 23, 1999, appellee served appellant with a combined request for admissions, production of documents, and interrogatories.[2] On August 30, 1999, appellee filed a notice of deposition indicating that appellant's deposition would be taken on September 15, 1999 as agreed to by the parties. After asking for and receiving one extension of time to file an answer, appellant returned the partially completed interrogatories to appellee on September 4, 1999. He did not, however, respond to the request for admissions or the request for production of documents.
Seman sent appellee's attorney a letter dated September 6, 1999, in which he stated that he would be unavailable to attend the September 15, 1999 deposition due to a conflict in his schedule. As a result, the parties orally agreed to postpone the deposition until October 15, 1999. Appellee's attorney sent both Seman and appellant a letter on October 7, 1999 documenting the newly agreed upon date and time.
However, on October 4, 1999, Seman filed a motion to withdraw with the trial court. The motion was subsequently granted on October 6, 1999. Nevertheless, on October 14, 1999, Seman, apparently unaware that the trial court had granted his motion to withdraw, faxed appellee's attorney a letter indicating that neither he nor appellant would be attending the deposition scheduled for the next day.
On November 12, 1999, appellee filed a motion with the trial court to compel discovery. A magistrate conducted a hearing on the motion on November 18, 1999. At this hearing, the magistrate informed appellant and Evans that, while they could represent themselves, it would be in their best interest to retain new counsel. The parties then agreed that appellant and Evans would provide appellee with the requested discovery by November 26, 1999, and that appellant's deposition would be taken on November 29, 1999. Apparently because the magistrate engaged in no decision-making, a judgment entry reflecting the parties' agreement was simply submitted to the trial court and signed on November 22, 1999.
Appellant did not comply with the court order. As a result, appellee filed a motion for sanctions on December 6, 1999 requesting that appellant's counterclaim be dismissed with prejudice pursuant to Civ.R. 37. On December 9, 1999, appellant's new attorney filed a motion to continue the trial, which was set to begin on December 13, 1999.[3]
Appellee filed a brief in opposition the same day. The trial court, however, granted the continuance and scheduled a hearing on appellee's motion to dismiss for December 14, 1999.
Appellant filed a brief in opposition to the motion to dismiss on the day of the hearing. At the beginning of the proceedings, appellee's attorney stipulated that the motion to dismiss only applied to appellant's claims because Evans had not been served with any discovery requests. Both sides then presented testimony and introduced exhibits into the record. However, at no time did appellant challenge the substance of the November 22, 1999 order.
The next day, the trial court dismissed appellant's counterclaim with prejudice. Appellant subsequently filed a timely notice of appeal with this court. After reviewing the notice of appeal and its attachments, we determined that this court might lack jurisdiction to consider appellant's appeal because the trial court did not rule on appellee's remaining claims against appellant, or on Evans' counterclaim. Accordingly, we ordered appellant to show cause why the appeal should not be dismissed for lack of jurisdiction.
On June 9, 2000, appellant filed with this court a motion for leave to supplement the record instanter with a judgment entry from the trial court entering a voluntary dismissal of both appellee's remaining claims against appellant and Evans, and Evans' counterclaim against appellee. We granted the motion, and the case proceeded according to rule. Appellant now raises the following assignment of error for our consideration:
 "The trial court erred in granting appellee's motion to dismiss * * * [as a sanction for appellant's] failure to provide written discovery responses and appear for his deposition."
In his sole assignment of error, appellant argues that while a court has the authority to dismiss a cause of action based on violations of the discovery process, this power should not be used when there are less onerous means available to the court to sanction a party for failing to obey a court order. Thus, he believes that the trial court abused its discretion in dismissing his counterclaim with prejudice because the court did not give him one last chance to comply with the order to compel, and because the court did not give him enough time under the local rules to respond to appellee's motion to dismiss. Moreover, it is appellant's position that he had actually attempted to comply with the trial court's order by obtaining new counsel and offering appellee new times in which to take his deposition. We disagree.
Civ.R. 37(B) states in pertinent part:
 "(2) If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
"* * *
 "(c) An order * * * dismissing the action or proceeding or any part thereof[.] * * *"
Similarly, Civ.R. 41(B)(1) also permits a trial court to dismiss an action for failure to comply with a court order.[4] However, before the trial court can take such action, the party asserting the cause of action must be given notice that dismissal is a possibility, and be given a reasonable opportunity to defend against dismissal. Hillabrand v.Drypers Corp. (2000), 87 Ohio St.3d 517, 518. "[T]he notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99,101. See, also, Fallsway Equip. Co. v. Kirtland Auto Sales, Inc. (June 30, 1999), Geauga App. No. 98-G-2169, unreported, at 4, 1999 Ohio App. LEXIS 3054.
"The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default." Sazima v. Chalko (1999),86 Ohio St.3d 151, 155. See, also, Mindala at 101. Thus, the notice requirement of Civ.R. 41(B)(1) is satisfied when the party "has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut, Inc. v. FordMotor Co. (1997), 80 Ohio St.3d 46, 49. Moreover, "the notice required by Civ.R. 41[B][1] need not be actual but may be implied under the circumstances." Id., citing Logsdon v. Nichols (1995), 72 Ohio St.3d 124,129 (Cook, J., concurring in part and dissenting in part).
In Quonset Hut, the plaintiff filed a complaint against the defendant for breach of contract. During the discovery process, the defendant served the plaintiff with various requests to which the plaintiff failed to respond. As a result, the defendant filed a motion to compel discovery, which was ultimately granted by the trial court.
Despite the court order, the plaintiff still did not answer the defendant's discovery requests. Accordingly, the defendant filed a motion asking the trial court to dismiss the plaintiff's complaint with prejudice pursuant to Civ.R. 37. After the plaintiff continued to ignore the defendant's requests, the trial court granted the motion to dismiss.
On appeal, the plaintiff argued that it had not received proper notice of the dismissal pursuant to Civ.R. 55(A). In reversing the court of appeals, which had found that the trial court had not given the plaintiff notice of the court's intention to dismiss, the Supreme Court of Ohio held that the plaintiff was on notice that the action could be dismissed because the defendant had filed the motion to dismiss and the plaintiff had filed a responsive motion in opposition to dismissal. Quonset Hut at 48.
The procedural history of the present case is virtually identical to that in Quonset Hut. Here, appellee had served on appellant various discovery requests and had scheduled to take appellant's deposition on numerous occasions. Nevertheless, appellant only partially complied with appellee's requests and never appeared for his deposition. As a result, appellee filed a motion to dismiss with the trial court. Appellant filed a brief in opposition, and was given the opportunity to present an argument against dismissal at the December 14, 1999 hearing.
Although the trial court never issued notice to appellant that a dismissal of the action was a possible sanction to the motion to dismiss, we fail to see how appellant was denied due process. Appellee filed his motion to dismiss for failure to comply with the trial court's order compelling discovery and requested dismissal as a sanction. Thus, appellant was put on notice that his counterclaim could be dismissed.Quonset Hut, supra. In fact, appellant's new attorney filed a brief in opposition and appeared at the hearing to urge the trial court to not dismiss the counterclaim. Certainly, then, appellant cannot now argue that he was unaware that his counterclaim could be dismissed with prejudice. Augusta v. Rossi (Mar. 25, 1994), Trumbull App. No. 93-T-4866, unreported, 1994 Ohio App. LEXIS 1314.
We are mindful that the decision to dismiss a case with prejudice is within the sound discretion of the trial court. Quonset Hut at 47; Jonesv. Hartranft (1997), 78 Ohio St.3d 368, 371. Accordingly, our review of the trial court's decision is limited to determining whether the trial court abused its discretion. Quonset Hut at 47. The term "abuse of discretion" connotes more than an error of law or judgment; instead, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
When considering a dismissal with prejudice, a trial court may consider the entire history of the litigation. Sazima at 158. "However, `the extremely harsh sanction of dismissal should be reserved for cases when [a party's] conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.'" Id., quoting Moore v. EmmanuelFamily Training Ctr. (1985), 18 Ohio St.3d 64, 70. Stated differently, dismissal with prejudice is reserved for those cases in which "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632, quotingSchreiner v. Karson (1977), 52 Ohio App.2d 219, 223. "Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice." Sazima at 158.
Appellant maintains that he misunderstood the trial court's November 22, 1999 judgment entry in which appellant was ordered to complete appellee's discovery requests and appear for deposition on November 29, 1999. It was his impression that he did not have to comply with the order unless he had retained an attorney prior to those dates.
Assuming, arguendo, that appellant was confused and did not understand what was said at the November 18, 1999 hearing or in the apparently agreed to judgment entry, he can only blame himself. Appellant's second attorney, Seman, had withdrawn approximately six weeks before the hearing. This gave appellant ample time to find a new attorney and proceed accordingly. Appellant, however, chose to represent himself and appear without the benefit of counsel. While this was obviously an unwise decision, appellant is still held to the same standard as an attorney on procedural matters. As a result, he was obligated to comply, seek a continuance, or obtain a protective order, with or without the assistance of an attorney.
Instead, appellant chose to completely disregard the trial court's discovery order. In fact, even after retaining the services of a third attorney sometime at the end of November 1999 or beginning of December 1999, and after being put on notice that appellee had asked the trial court to dismiss appellant's counterclaim with prejudice, appellant still failed to respond to the remaining unanswered interrogatories or produce copies of all relevant records in his possession. Furthermore, there is nothing in the record to substantiate appellant's claim that efforts were made to schedule his deposition after he retained his third attorney.
While we recognize that it is preferable to have cases decided on their merits, Sazima at 158, appellant's inaction in this matter is inexcusable. Accordingly, appellant's sole assignment of error is without merit.
Based on the foregoing analysis, the judgement of the trial court is affirmed.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., concurs, O'NEILL, J., dissents.
[1] Only Rondini is currently appealing.
[2] Although it is unclear from the record, it appears that appellee never served Evans with similar requests.
[3] Attorney David N. Patterson filed a notice of substitution of counsel with the trial court on December 1, 1999.
[4] Civ.R. 41(B)(1) states:
 "Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."