[Cite as *St. Anthony the Great Romanian Orthodox Monastery, Inc. v. Somlea*, 2012-Ohio-4162.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97955

---

## ST. ANTHONY THE GREAT ROMANIAN ORTHODOX MONASTERY, INC.

### PLAINTIFF-APPELLANT

vs.

## IOIL MARCEL SOMLEA

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED IN PART; REVERSED IN PART AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-751443

**BEFORE:** Jones, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** September 13, 2012

**ATTORNEY FOR APPELLANT**

John B. Frenden
1525 Leader Building
526 Superior Avenue, N.E.
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Michael T. Conway
Michael T. Conway and Co.
3456 Sandlewood Drive
Brunswick, Ohio 44212

LARRY A. JONES, SR., P.J.:

{¶1} Plaintiff-appellant, St. Anthony the Great Romanian Orthodox Monastery, Inc., appeals the trial court's dismissal of its complaint against defendant-appellee, Ioil Marcel Somlea. Finding some merit to the appeal, we affirm in part, reverse in part, and remand.

I.

{¶2} In 2008, St. Anthony filed a complaint for replevin and damages against Somlea in Cuyahoga C.P. No. CV-670900. St. Anthony eventually dismissed its complaint without prejudice.

{¶3} In March 2011, Albert Thrower, pro se and by assignment from St. Anthony, refiled the complaint for replevin and damages against Somlea, alleging the latter borrowed a truck belonging to St. Anthony and never returned it. Service was not perfected on Somlea. In July 2011, St. Anthony, pro se, filed an amended complaint to add new party defendants and asked that the clerk of courts serve the defendants.

{¶4} On August 1, 2011, the court held a case management conference and, according to the trial court record, Somlea appeared for the conference after Thrower had already left. Somlea asked for a continuance to retain counsel, which the trial court granted.

{¶5} Both parties retained counsel, and the trial court held another case management conference in September 2011. The trial court issued an order giving St.

Anthony leave to file an amended complaint on or before October 21, 2011.

{¶6} St. Anthony filed a second amended complaint on November 15, 2011, but the complaint did not include a certificate of service. Other than that omission, the amended complaint St. Anthony filed on November 15 was substantially the same as the pro se amended complaint Thrower filed on July 28, 2011.

{¶7} On December 16, 2011, Somlea filed a motion to strike the amended complaint and to dismiss the case pursuant to Civ.R. 41(B)(1), arguing that St. Anthony filed its amended complaint after the court's deadline had passed and had failed to instruct the clerk of courts to serve the complaint on any of the defendants.

{¶8} On December 30, 2011, St. Anthony filed a motion asking that the clerk of courts serve the amended complaint on the defendants.

{¶9} On January 17, 2012, the trial court entered an order, which granted Somlea's motion to strike St. Anthony's amended complaint and motion to dismiss the case and denied St. Anthony's motion for leave to file an amended complaint, motion for service of amended complaint, and motion for reconsideration. In granting Somlea's motion to dismiss, the trial court stated that the plaintiff failed to prosecute the case "per the court's orders."

## II.

{¶10} It is from this order that St. Anthony now appeals, raising six assignments of error for our review. We note that the appellant's brief argues matters outside of the

record, fails to comply with local appellate rules, and is, in parts, unintelligible. *See* App.R. 12, App.R. 16, App.R. 19, Loc. App.R. 16. But because legal issues are to be decided on their merits when possible, we will review the matter. We will, however, disregard the fourth assignment of error as St. Anthony argues matters outside of the record and fails to cite any authority to support its position.[1]

### III.

{¶11} In the first, second, third, and sixth assignments of error, St. Anthony claims that the trial court erred in granting Somlea's motion to strike the amended complaint and motion to dismiss.

{¶12} The trial court granted Somlea's motion to dismiss pursuant to Civ.R. 41(B)(1), which provides that

> [w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
>
> Before a trial court can dismiss a plaintiff's case for failure to prosecute, the record must reflect that the plaintiff had notice of the possibility of dismissal under Civ.R. 41(B)(1). The purpose of the notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.

*Mokrytzky v. Capstar Capital Corp.*, 8th Dist. No. 91287, 2009-Ohio-238, ¶ 12, citing *Logsdon v. Nichols*, 72 Ohio St.3d 124, 1995-Ohio-225, 647 N.E.2d 1361. The dismissal of the case at bar was with prejudice because (1) the dismissal entry did not specify

---

[1] See the appendix for the full text of the assignments of error.

otherwise, *see* Civ.R. 41(B)(3); *Silver v. Krulak*, 8th Dist. No. 93285, 2011-Ohio-1666, ¶ 5, citing *Home Loan Sav. Bank v. Russell*, 5th Dist. Nos. 10-CA-05 and 10-CA-08, 2010-Ohio-6409; and (2) St. Anthony had voluntarily dismissed its complaint against Somlea without prejudice in 2008. *See* Civ.R. 41(A)(1).

{¶13} The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court; appellate review is limited solely to whether the trial court abused that discretion. *Mokrytzky* at ¶ 11, citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 437 N.E.2d 1199 (1982). Thus, a dismissal for failure to prosecute will not be reversed unless the trial court's decision is unreasonable, arbitrary, or unconscionable. *Mokrytzky*.

{¶14} This court has held that a party receives sufficient notice pursuant to Civ.R. 41(B)(1) if that party is served with a motion to dismiss and has an opportunity to file a responsive motion. *Walker v. Cleveland Clinic Found.*, 8th Dist. No. 91648, 2009-Ohio-2261, ¶ 11, citing *Shafron v. Erie Rd. Dev. Co.*, 8th Dist. No. 90675, 2008-Ohio-3813; *Sazima v. Chalko*, 86 Ohio St.3d 151, 156, 1999-Ohio-92, 712 N.E.2d 729 (finding that a pending motion to dismiss was sufficient to put the plaintiff on implied notice of an impending dismissal). In this case, St. Anthony received notice of the possibility that its case could be dismissed when Somlea filed his motion to dismiss and served it on St. Anthony; therefore, St. Anthony had proper prior notice that dismissal with prejudice was a possibility.

## IV.

{¶15} Although St. Anthony had notice that dismissal of the case was possible, we

find that the trial court's decision to dismiss the entire case was an abuse of its discretion.

{¶16} We recognize that St. Anthony is not without fault. St. Anthony did not perfect service of its original complaint on Somlea. But Somlea's counsel stated in the motion to dismiss that he attended the September 29, 2011 case management conference and entered an appearance in the case. This court has held that

> [i]n order for a court to acquire personal jurisdiction over a party, there must be proper service of a summons and complaint, or the party must have entered an appearance, affirmatively waived service, or otherwise voluntarily submitted to the court's jurisdiction.

*Slomovitz v. Slomovitz*, 8th Dist. No. 94499, 2010-Ohio-4361, ¶ 9, citing *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885 (8th Dist.). A waiver by appearance is one where the party appears "for any other purpose than to object to jurisdiction." *Slomovitz* at *id.*, citing *Michigan Millers Mut. Ins. Co. v. Christian*, 153 Ohio App.3d 299, 2003-Ohio-2455, 794 N.E.2d 68 (3d Dist.). Thus, Somlea waived service by appearing at the August 2011 case management conference and by his counsel's appearance at the September 2011 case management conference. Moreover, although Somlea claims in his appellate brief that he was never served with the original complaint, he did not raise the issue of service of the original complaint at the trial court level; therefore, he waives the issue on appeal. *See* Civ.R. 12(H); *NetJets, Inc. v. Binning*, 10th Dist. No. 04AP-1257, 2005-Ohio-3934, ¶ 4.

{¶17} St. Anthony also failed to request service of the November 2011 amended complaint and never explained why its amended complaint was filed past the court's deadline. Consequently, the trial court was within its discretion to grant Somlea's motion

to strike the amended complaint.   But we do not agree with the trial court that the proper course of action was to dismiss the entire case.

{¶18} In *Sazima*, 86 Ohio St.3d 151, 158, 1999-Ohio-92, 712 N.E.2d 729, the Ohio Supreme Court noted:

In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action. * * * However, "the extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." * * * In other words, dismissal is reserved for those cases in which "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." * * * Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. * * * It is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." * * * "Thus, although reviewing courts espouse an ordinary 'abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits."

(Internal citations omitted.)

**{¶19}** In *Sazima*, the trial court ordered the plaintiff to file a more definite statement. When the plaintiff failed to do so by the trial court's deadline, the defendant filed a motion to dismiss pursuant to Civ.R. 41(B). This prompted the plaintiff to file a more definite statement, but the trial court granted the defendant's motion to dismiss, which was upheld on appeal. The Ohio Supreme Court reversed, finding that the trial court's decision to dismiss the action was based solely on the plaintiff's failure to timely file a more definite statement as ordered, there was no evidence that the plaintiff repeatedly ignored orders of the trial court, and the plaintiff cured her default by eventually filing a statement. The curt concluded that the plaintiff's actions in missing the trial court's deadline did not "rise to the level of extreme circumstances that would justify a dismissal with prejudice without first resorting to the imposition of lesser sanctions." *Id.* at 159. The court further noted that

> once plaintiff's counsel has responded to the notice given pursuant to Civ.R. 41(B)(1) by complying with the trial court's outstanding order, the trial court may not thereafter dismiss the action or claim on the basis of noncompliance with that order.

*Id.* at 158.

**{¶20}** In this case, St. Anthony first requested leave to file an amended complaint in July 2011. After the September 2011 case management conference, the trial court issued an order allowing St. Anthony to file another amended complaint and by October 21, 2011. Although counsel for St. Anthony erred by not filing the amended complaint by the court's deadline, the record is devoid of any evidence that St. Anthony repeatedly ignored

the court's orders. Nothing in the record shows that St. Anthony's conduct was "substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." *Sazima* at *id.*

{¶21} Again, because the amended complaint was not filed by the court's deadline, the trial court was within its discretion to deny St. Anthony leave to file the amended complaint. In so doing, the trial court should have proceeded on the original complaint. The trial court erred and abused its discretion in dismissing the entire case pursuant to Civ.R. 41(B)(1).

{¶22} The first, second, third, and sixth assignments of error are sustained in that the trial court erred in dismissing the original complaint, but overruled as to the trial court's denial of St. Anthony's motion to file its amended complaint.

### V.

{¶23} In the fifth assignment of error, St. Anthony argues that the trial court erred by failing to hold a replevin hearing pursuant to R.C. Chapter 2737. But at the time the case was dismissed, St. Anthony had not filed a motion and affidavit for order of possession of property pursuant to R.C. 2737.03. *See* R.C. 2737.01 et seq. R.C. 2737.07. Therefore, because the requirements of the replevin statute had not yet been complied with at the time the trial court dismissed the case, it is premature for St. Anthony to claim the trial court erred in failing to hold a hearing on the matter. The fifth assignment of error is overruled.

### VI.

**{¶24}** Finally, Somlea requests this court to impose sanctions against St. Anthony for filing a frivolous appeal. Although we caution counsel for St. Anthony to comply with the appellate rules in the future, the appeal is not frivolous and we decline to impose sanctions at this time.

**{¶25}** Judgment is affirmed in part and reversed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR

<u>Appendix</u>

Assignments of Error

[I.]   The trial court erred to the prejudice of the plaintiff-appellant [when it] dismissed the original complaint and/or dismissed amended complaint without ordering service of the amended complaint denying appellant his Ohio constitutional rights per Art. I, Sec. 10 and United State Constitutional right 5, 6, 7th Amendment applicable to (ant) through 14th Amendment of the US Constitution Due Process Clause and/or "access to the courts" and with the trial court further acting arbitrarily, capriciously and contrary to law.

[II.]   The trial court "abused its discretion," acted arbitrarily, capriciously and contrary to law when it did not give notice that it was going to dismiss original serviced complaint and/or did not give notice before it dismissed amended complaint in violation of the Ohio Constitution Article IV.

[III.] The trial court "abused its discretion" when it did not grant motion for service (Td 12/30/11) and dismissed complaint without ordering service of amended complaint (Td 1/17/12) when amended complaint (Td 11/15/11) was almost identical to original amended complaint (Td 7/28/11) and parties would not be prejudiced and or original complaint that had already been served and refused.   Hence defendants would not be prejudiced since (D-EE) did not make appearance until 12/16/11 after amended complaint was on the record Td 7/28/11, Td 11/15/11, See Ohio Rules of Civil Procedure Rule 15(a), 13(H) Joinder of Additional Parties, Rule 14(B), Third Party Practice, prejudicing plaintiff appellant.

[IV.] The trial court erred to the prejudice of the plaintiff-appellant when it ordered appellant to obtain an attorney and failed to issue an order in re same appellant explained he was a 90% owner of all shares of non-profit and that at a board meeting it was decided that [St. Anthony] assigned its right to Albert Thrower and that (Ant) Thrower should be allowed to prosecute action [pro se] and/or trial court erroneously erred by denying appealed 8/9/11 order denying motion for reconsideration explaining same.

[V.] The trial court erred to the prejudice of the plaintiff-appellant when it did not hold a replevin hearing to seize res as mandated by Ohio law ORC Section 2737.01 but merely ignored the law in re same causing reversible error.

[VI.] The trial [court] erred to the prejudice of the plaintiff-appellant when it allowed defendant-appellee to file a [pro se] response (Td 12/16/11) without

asking for "leave" and apparently dismissing complaint and/or amended complaint on this single paragraph motion that did not state law or facts nor was same supported by an affidavit per Ohio rules of court civil rule nor did same indicate a certificate of service jurisdictionally voiding same with (ant) objecting to no service (Td 12/30/11) trial court further erred by granting motion on the Ohio Rule 56(C) theory of summary judgment.