[Cite as *State v. Muhammad*, 2014-Ohio-2797.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

      Plaintiff-Appellee,               :

                                                                **No. 14AP-143**

v.                                          :     (C.P.C. No. 04CR-3444)

Mustafa Muhammad,                           :     **(REGULAR CALENDAR)**

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on June 26, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *A. Paul Thies*, for appellee.

*Mustafa Muhammad*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1}  Defendant-appellant, Mustafa Muhammad, appeals from a judgment of the Franklin County Court of Common Pleas denying his filing captioned "Writ of Replevin Motion for Order of Possession" ("motion"). For the following reasons, we affirm the trial court's judgment.

## I. BACKGROUND

{¶ 2}  Appellant claims money is due to him from his original appearance bond in his underlying criminal case, *State v. Muhammad*, Franklin C.P. No. 04CR-3444. He seeks a court order commanding the Franklin County Clerk of Courts, Maryellen

O'Shaughnessy, to issue him a check for $450. According to appellant, this is his ninth attempt to achieve his goal through judicial action.[1]

{¶ 3} Plaintiff-appellee, the State of Ohio, claims a $450 check was issued to appellant by a former clerk of courts in 2005 and, based on our review of the record, that appears to be true. The record also suggests the 2005 check was cashed. Appellant claims he did not receive or cash the check. He was incarcerated at the time the check was issued, and it was mailed to a residential address.

{¶ 4} Appellant mailed the instant motion to the Franklin County Clerk of Courts with no instructions to the clerk and no certificate of service attached. The motion was filed under his criminal case number on November 22, 2013. The trial court denied appellant's motion on January 17, 2014. This timely appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant presents us with the following assignments of error for our review:

> ASSIGNMENT OF ERROR NUMBER ONE
>
> The court errored [sic] when it failed to assign a sparate [sic] case number.
>
> ASSIGNMENT OF ERROR NUMBER TWO
>
> The court errored [sic] when it failed to grant a hearing.
>
> ASSIGNMENT OF ERROR NUMBER THREE
>
> The court errored [sic] when it failed to return the bond money.

## III. DISCUSSION

{¶ 6} Based on our review of the record, we construe appellant's motion as one in replevin. Specifically, appellant filed his motion "[p]ursuant to [R.C.] 2737.03," which provides:

---

[1] According to an affidavit accompanying appellant's motion, he has instituted eight prior actions pertaining to this same cause in the Supreme Court of Ohio, this court, and the Franklin County Court of Common Pleas. Appellant claims two actions were ignored and all others were dismissed.

> Any party to an action involving a claim for the recovery of specific personal property, upon or at any time after commencement of the action, may apply to the court by written motion for an order of possession of the property. The motion shall have attached to it the affidavit of the movant, his agent, or his attorney containing all of the following:
>
> (A) A description of the specific personal property claimed and the approximate value of each item or category of property claimed;
>
> (B) The specific interest of the movant in the property and, if the interest is based upon a written instrument, a copy of that instrument;
>
> (C) The manner in which the respondent came into possession of the property, the reason that the detention is wrongful and, to the best of the knowledge of the movant, the reason, if any, that the respondent may claim the detention is not wrongful;
>
> (D) The use to which the respondent has put the property, as determined by the movant after such investigation as is reasonable in the circumstances;
>
> (E) The extent, if any, to which the movant is or will be damaged by the respondent's detention of the property;
>
> (F) To the best of the movant's knowledge, the location of the property;
>
> (G) That the property was not taken for a tax, assessment, or fine pursuant to statute, or seized under execution of judgment against the property of the movant or, if so seized, that it is statutorily exempt from seizure.

{¶ 7} We begin by noting appellant did not initiate a separate civil action or file the required affidavit with his motion. R.C. 2737.03; *see* R.C. 2737.02; *Am. Rents v. Crawley*, 77 Ohio App.3d 801, 803 (10th Dist.1991) (noting R.C. 2737.02 expressly provides that possession of specific personal property may be recovered in a civil action prior to the entry of judgment). Instead, he filed this motion in his underlying criminal case. Thus, appellant's motion seeking recovery of this bond is procedurally flawed.

{¶ 8} Appellant claims under his first assignment of error that the trial court erred by failing to assign his motion a new, civil case number. However, appellant's motion was filed and fully briefed without appellant bringing the issue of the fact that his motion was inappropriately filed under the criminal case number. Consequently, he has forfeited all but plain error. *State v. Harshaw*, 10th Dist. No. 05AP-702, 2006-Ohio-3907, ¶ 6 ("Crim.R. 52(B) * * * places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, an error must exist. Second, the error must be plain. To be plain within the meaning of Crim.R. 52(B), an error must be an obvious defect in the trial proceedings. Third, the error must have affected defendant's substantial rights, meaning that the trial court's error must have affected the outcome of the trial."). (Citations omitted.) *See also Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 46.

{¶ 9} As mentioned above, appellant filed this motion under his criminal case number. He created the issue which he complains about, and did not provide any authority to support it was the clerk's responsibility to construe his motion as one commencing a separate civil action. *See Williams v. Lo*, 10th Dist. No. 07AP-949, 2008-Ohio-2804, ¶ 18, citing *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 21 ("Ohio courts hold pro se litigants to the same rules and procedures as those litigants who retain counsel."). Plain error did not occur. Accordingly, appellant's first assignment is overruled.

{¶ 10} Appellant claims under his second assignment of error the trial court erred by failing to hold a hearing on appellant's motion. He argues, despite the filing defects identified above, "a hearing should have been granted to give both sides an equal opportunity to present their case." (Appellant's Brief, 4.) We disagree. "[B]ecause the requirements of the replevin statute had not yet been complied with at the time the trial court [denied appellant's motion], it is premature for [appellant] to claim the trial court erred in failing to hold a hearing on the matter." *St. Anthony the Great Romanian Orthodox Monastery, Inc. v. Somlea*, 8th Dist. No. 97955, 2012-Ohio-4162, ¶ 23. Accordingly, appellant's second assignment of error is overruled.

{¶ 11} We find the viability of appellant's third assignment of error was contingent on the success of the arguments he made under his first and second assignments of error.

Those arguments have failed.  Thus, there is no support for appellant's contention that the trial court erred by not ordering the clerk of courts to issue him a check for $450. Accordingly, appellant's third assignment of error is overruled.

**IV.  CONCLUSION**

{¶ 12} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and TYACK, J., concur.