[Cite as *Ray Miller Constr. Co. v. Crow*, 2016-Ohio-3404.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| RAY MILLER CONSTRUCTION CO., et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2015-P-0060** |
| ALAN CROW, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2014 CV 00013.

Judgment: Vacated and remanded.

*Ezio A. Listati* and *Daniel T. Cronin,* Thrasher, Dinsmore & Dolan, 100 Seventh Avenue, Suite 150, Chardon, OH 44024 (For Plaintiffs-Appellants).

*James C. Lynch,* P.O. Box 33189, North Royalton, OH 44133 (For Defendants-Appellees).

DIANE V. GRENDELL, J.

{¶1} Plaintiffs-appellants appeal the Judgment of the Portage County Court of Common Pleas, dismissing the Complaint with respect to these plaintiffs for failure to comply with an order of the court. The issue before this court is whether an order of involuntary dismissal pursuant to Civil Rule 41(B)(1) may stand where the parties agree that the plaintiffs were "never warned of a possible dismissal for failure to comply with a

court order." For the following reasons, the Judgment of the lower court is vacated and this matter is remanded for further proceedings consistent with this opinion.

{¶2} On January 6, 2014, a Complaint for Money Damages and Replevin was filed in the Portage County Court of Common Pleas by Ray Miller Construction Co., Raymond C. Miller, Rippling Stream Finishing, Inc., Rippling Stream Land Partners Ltd., Shawnee Wood Products, Inc., Shawnee Land Partners, LLC, and Lake Avenue Land Partners, Ltd.[1], against defendants-appellees, Alan Crow and Alan Crow dba Crow & Associates (hereinafter "Crow").

{¶3} On March 5, 2014, Crow filed an Answer and Counterclaim.

{¶4} On March 13, 2014, the plaintiffs filed their Answer to Defendants' Counterclaim.

{¶5} On June 30, 2015, Crow filed a Motion to Dismiss for Failure to Comply with Discovery Order; and Request for Hearing to Show Cause against the plaintiffs-appellants. The Motion sought the dismissal of the plaintiffs-appellants' Complaint for the alleged failure to comply with a discovery order issued by the trial court on November 19, 2014. The Certificate of Service certified that counsel for the plaintiffs-appellants was sent a copy of the Motion by ordinary U.S. Mail on June 30, 2015.

{¶6} On July 30, 2015, the trial court issued a Judgment Entry, dismissing the Complaint as to the plaintiffs-appellants on the grounds that they "failed to timely respond to the Defendant's Motion to Dismiss for failure to Comply with a Court Order."

---

1. As of September 5, 2014, Rippling Stream Finishing, Inc. and Rippling Stream Land Partners Ltd. are represented by counsel independent of the other plaintiffs, and are not parties to this appeal. "Plaintiffs-appellants" will refer exclusively to Ray Miller Construction Co., Raymond C. Miller, Shawnee Wood Products, Inc., Shawnee Land Partners, LLC, and Lake Avenue Land Partners, Ltd. "Plaintiffs" refers to all parties identified as such in the Complaint.

**{¶7}** On August 17, 2015, the plaintiffs-appellants filed a Motion for Relief from Judgment, on the grounds that they "did not receive, as required, either a copy or notice of the Defendant's Motion to Dismiss." Plaintiffs-appellants further asserted their compliance with all discovery requests: "It's ludicrous for defense counsel to claim that he has not * * * been provided with each and every document the Plaintiffs could possibly uncover."

**{¶8}** On August 18, 2015, Crow filed a Response in Opposition to Plaintiffs' Motion for Relief. Crow responded, in relevant part, as follows:

> The undersigned counsel certified that Defendant's Motion to Dismiss was properly served on counsel by regular mailing on June 30, 2015 (for which counsel has evidence thereof). However, considering the remote possibility that the U.S. Postal Service failed to properly deliver said Motion, it is the Defendant's position that, considering the short time before the trial is scheduled [for September 1, 2015], rather than debate the service issue, that this court set a hearing, as soon as possible, to allow the Plaintiffs the opportunity to address why they failed to comply with the court's Order of November 17, 2014, which had compelled each of such Plaintiffs to supply basic information regarding the amount and basis for their alleged loss.

**{¶9}** On August 26, 2015, the plaintiffs-appellants filed their Notice of Appeal from the July 30, 2015 order of dismissal.

3

{¶10} On August 28, 2015, the trial court entered an Order and Journal Entry, stating that it would "withhold ruling on any of the pending motions before this court," as "jurisdiction now rests with the 11th District Court of Appeals."

{¶11} On September 14, 2015, the trial court re-issued, nunc pro tunc, its Judgment Entry of Dismissal of Complaint as to the plaintiffs-appellants to include the Civil Rule 54(B) language necessary to render the judgment a final order.

{¶12} On appeal, the plaintiffs-appellants raise the following assignments of error.

{¶13} "[1.] The Trial Court committed prejudicial error and abused its discretion in granting Appellees' Motion to Dismiss, finding that Appellants failed to timely respond to Appellees' Motion to Dismiss, where Appellees' Motion to Dismiss was never served on the Appellants."

{¶14} "[2.] The Trial Court committed prejudicial error and abused its discretion in granting Appellees' Motion to Dismiss, finding that Appellants failed to timely respond to Appellees' Motion to Dismiss, where Appellants were never warned that a failure to comply with the Trial Court's November 19, 2014 Order would result in a dismissal, nor were they given a reasonable opportunity to respond, and Appellees failed to comply with Local Rule 8.05 and Civil Rule 37(E) which required consultation prior to bringing a Motion under Rule 37."

{¶15} "[3.] The Trial Court committed prejudicial error and abused its discretion in granting Appellees' Motion to Dismiss, finding that Appellants failed to timely respond to Appellees' Motion to Dismiss, where Appellants were in substantial compliance with the Court's November 19, 2014 Order."

4

{¶16} The second assignment of error, challenging the dismissal of the Complaint as to the plaintiffs-appellants for lack of notice, shall be considered first.

{¶17} "If any party * * * fails to obey an order to provide or permit discovery * * *, the court in which the action is pending may make such orders in regard to the failure as are just, and among others * * * [a]n order * * * dismissing the action or proceeding or any part thereof." Civ.R. 37(B)(2)(c). "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1).

{¶18} "[T]he notice requirement of Civ. R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ. R. 37(B)(2)(c) for failure to comply with discovery orders." *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986).

{¶19} The decision to involuntarily dismiss an action for failing to comply with a court order is within the sound discretion of the trial court. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47, 684 N.E.2d 319 (1997).

{¶20} "[A] party receives sufficient notice pursuant to Civ.R. 41(B)(1) if that party is served with a motion to dismiss and has an opportunity to file a responsive motion." *St. Anthony the Great Romanian Orthodox Monastery, Inc. v. Somlea*, 2012-Ohio-4162, 976 N.E.2d 924, ¶ 14 (8th Dist.); *Sazima v. Chalko*, 86 Ohio St.3d 151, 156, 712 N.E.2d 729 (1999) ("appellant's counsel received notice under Civ.R. 41(B)(1) at the time he became aware that appellee had filed his motion requesting the court to dismiss appellant's claim with prejudice"); *Quonset Hut* at 48 ("Quonset's counsel was on notice

5

that the action could be dismissed" since "Ford had filed a motion requesting the court to dismiss Quonset's claim with prejudice").

{¶21} In a Notice of Admission of Error as to Plaintiffs-Appellants' Second Assignment of Error, Crow conceded "that the Appellants were never warned of a possible dismissal for failure to comply with a court order," without admitting other factual allegations by plaintiffs-appellants.

{¶22} Construing this Admission in conjunction with Crow's decision not to contest "the service issue" in the proceedings below, we hold that the dismissal of the Complaint as to the plaintiffs-appellants was without notice.

{¶23} The second assignment of error is with merit.

{¶24} In the first and third assignments of error, the plaintiffs-appellants contend that the dismissal was error on the grounds that Crow failed to serve the Motion to Dismiss and that the plaintiffs-appellants had complied with the trial court's discovery order. These are factual issues raised for the first time in the plaintiffs-appellants' Motion for Relief from Judgment, which the trial court has yet to rule upon. As the trial court has not ruled on these issues, they may not properly be claimed as errors. *State v. Falatok*, 9th Dist. Summit No. 17998, 1997 Ohio App. LEXIS 1735, 8 (Apr. 30, 1997) ("if an issue was not decided, it could not have been decided in error").

{¶25} The first and third assignments of error are without merit.

{¶26} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, dismissing the Complaint as to the plaintiffs-appellants for failure to comply with a court order, is vacated and this matter is remanded for further proceedings consistent with this opinion.

6

{¶27} In light of the facts that defendants-appellees conceded error with respect to the second assignment of error and did not otherwise contest the appeal, and that the arguments raised in the first and third assignments of error were premature and meritless, costs will be taxed against appellants.

TIMOTHY P. CANNON, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.