OPINION
{¶ 1} Plaintiffs-appellants appeal from the dismissal of their claims against defendant-appellee, Department of Rehabilitation and Correction, for failure to prosecute. For the following reasons, we affirm.
 {¶ 2} On April 19, 2000, appellants filed a complaint in the Ohio Court of Claims demanding a jury trial and alleging, in part, sexual discrimination, sexual harassment and retaliation. Two days after appellants' complaint was filed, the trial court issued an entry striking appellants' jury demand pursuant to R.C. 2743.11.
 {¶ 3} In a July 11, 2000 status conference, the parties discussed the issue of whether individual employees of appellee were entitled to personal immunity under R.C. 9.86. In response to this discussion, the trial court issued an order on July 12, 2000, directing appellants to provide the trial court and appellee with a list of individuals whose immunity status was at issue by August 25, 2000. The trial court also scheduled an evidentiary hearing on the issue of immunity for October 27, 2000. However, because appellants failed to supply the trial court or appellee with a list of individuals, the trial court cancelled the evidentiary hearing.
 {¶ 4} On February 12, 2001, the trial court issued an order scheduling trial for January 14 through January 18, 2002. On December 28, 2001, appellants filed a motion seeking to continue the trial date and requesting that the trial court schedule an immunity hearing.
 {¶ 5} In its January 4, 2002 entry, the trial court granted appellants' motion seeking a continuance and an immunity hearing. The trial court ordered that the commencement of trial would be rescheduled for April 2, 2002, and it set the immunity hearing for February 21, 2002. The trial court also ordered that the employees of appellee, whose immunity was at issue, be added as "special parties" for the purpose of the immunity hearing.
 {¶ 6} On January 15, 2002, the trial court issued an order vacating its January 4, 2002 entry in part. The trial court ordered that the personal immunity of the designated individuals would be determined in conjunction with the April 2, 2002 trial, instead of in a separate hearing on February 21, 2002.
 {¶ 7} On February 26, 2002, the trial court granted appellee's earlier motion to dismiss the individuals who were the subject of the immunity hearing as "special parties." Although the trial court ordered that these individuals did not have status as "parties," the individuals remained the subject of an immunity determination that would be presented in conjunction with the trial, commencing on April 2, 2002.
 {¶ 8} On March 13, 2002, appellants filed a motion for a jury trial. Consistent with its April 21, 2000 order striking appellants' jury demand from their complaint, the trial court rejected appellants' demand for a jury.
 {¶ 9} Less than one month before trial, the trial court issued another entry stating that the "trial date of April 2-5, 2002 remains firm" and that "counsel for [appellants] agreed to comply with [the trial] court's January 15, and February 26, 2002, orders which stated that all immunity issues shall be determined in conjunction with the trial on the issue of liability on April 2-5, 2002." (Emphasis in original.)
 {¶ 10} Then, on March 28, 2002, the Thursday before the Tuesday trial date, appellants' counsel faxed a letter to the Clerk of the Court of Claims informing him that appellants had filed an action in the Ohio Supreme Court for writs of mandamus and prohibition. In their complaint before the Ohio Supreme Court, appellants sought a writ of mandamus ordering Judge Fred J. Shoemaker to empanel a jury in their case and a writ of prohibition preventing Judge Russell Leach from striking the individuals subject to the immunity hearing as "special parties." The faxed letter also stated that appellants would "not be going forward April 2, 2002."
 {¶ 11} Upon receiving the faxed letter, Judge Shoemaker asked his staff attorney to telephone appellants' counsel. On the morning of March 29, 2002, Judge Shoemaker's staff attorney left a message on appellants' counsel's voice mail stating that trial would commence on Tuesday, April 2, 2002, unless appellants filed a voluntary dismissal or appellants obtained a stay from the Ohio Supreme Court. Appellants' counsel did not respond to this message.
 {¶ 12} On April 2, 2002, neither appellants nor appellants' counsel appeared at trial. After waiting for approximately one-half hour, the trial court issued an order requiring appellants to come before the trial court and show cause why an order of dismissal should not be issued for their failure to appear at trial. At the April 18, 2002 show cause hearing, appellants' counsel appeared and explained that he and his clients did not attend trial because they had a pending complaint for writs of mandamus and prohibition before the Ohio Supreme Court. During the hearing, appellants' counsel acknowledged that he had received the March 29, 2002 voice mail from Judge Shoemaker's staff attorney. Appellants' counsel then offered to the trial court a copy of a motion for a stay of the Court of Claims' proceeding that appellants had filed in the Ohio Supreme Court on April 17, 2002 — the day before the show cause hearing. Finding that appellants failed to prosecute, the trial court dismissed their case. Appellants then appealed.
 {¶ 13} On appeal, appellants assign the following errors:
 {¶ 14} "A. FIRST ASSIGNMENT OF ERROR
 {¶ 15} "The Court of Claims of Ohio erred and abused its discretion and denied Appellants Due Process of the law guaranteed to them by the Fourteenth Amendment of the United States Constitution and by Article I, § 16 of the Ohio Constitution when it dismissed defendants as "special parties" before establishing immunity status.
 {¶ 16} "B. SECOND ASSIGNMENT OF ERROR
 {¶ 17} "The Court of Claims erred and abused its discretion by dismissing Appellants [sic] case with prejudice for want of prosecution.
 {¶ 18} "C. THIRD ASSIGNMENT OF ERROR
 {¶ 19} "The Court of Claims erred and abused its discretion by failing to allow for proper discovery pursuant to the Ohio Rules of Civil Procedure.
 {¶ 20} "D. FOURTH ASSIGNMENT OF ERROR
 {¶ 21} "The Court of Claims erred and abused its discretion by denying Appellants a jury trial in their claim against Appellees, thereby violating their right to a trial by jury under Section 5, Article I of the Ohio Constitution and the Seventh Amendment of the U.S. Constitution.
 {¶ 22} "E. FIFTH ASSIGNMENT OF ERROR
 {¶ 23} "Ohio Revised Code § 2743.11 is unconstitutional on its face and denies the right to a jury trial guaranteed by Section 5, Article I of the Ohio Constitution and violates due process rights guaranteed under Section 16, Article I of the Ohio Constitution."
 {¶ 24} We begin by addressing appellants' second assignment of error, in which they argue that the Court of Claims abused its discretion by dismissing their case for failure to prosecute. Appellants assert that they advanced a legitimate explanation for their failure to appear at trial: their complaint seeking a writ of mandamus and a writ of prohibition was pending before the Ohio Supreme Court. Additionally, appellants claim that their appearance at the show cause hearing demonstrated their interest in pursuing their claims.
 {¶ 25} According to Civ.R. 41(B)(1), "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Because a trial court's decision to dismiss a case for failure to prosecute rests within its sound discretion, an appellate court's review is limited to determining whether the trial court abused its discretion. Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371. However, the ordinary abuse of discretion standard is heightened when reviewing a decision that forever denies a plaintiff a review of a claim's merits. Sazima v. Chalko (1999),86 Ohio St.3d 151, 158. Dismissal with prejudice is appropriate "when an attorney's conduct falls substantially below what is reasonable and displays contempt for the judicial system or the rights of the opposing party." Indus. Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576,581. In other words, an appellate court must affirm the dismissal of an action when "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 48
(quoting Tokles Son, Inc. v. Midwestern Indemn. Co. [1992],65 Ohio St.3d 621, 632). Absent such circumstances, a trial court should first consider lesser sanctions before dismissing a case for failure to prosecute. Sazima, supra, at 158.
 {¶ 26} Preliminarily, we note that, although the trial court's Civ.R. 41(B)(1) dismissal order did not state whether the dismissal was with or without prejudice, under Civ.R. 41(B)(3), such a dismissal "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Because the trial court did not specify otherwise, its dismissal of appellants' case was with prejudice. Consequently, because the law favors deciding cases on their merits, not on procedural grounds, we must review this dismissal under the "heightened" abuse of discretion standard. Jones, supra, at 371-372.
 {¶ 27} After reviewing the procedural history of appellants' case, we conclude that, even under the "heightened" standard, the trial court did not abuse its discretion in dismissing this case. The trial court ordered that the trial and the immunity hearing would commence on April 2, 2002. Appellants' counsel's faxed letter demonstrates that appellants were aware of the trial date, but purposefully chose not to prosecute. After receiving appellants' counsel's letter, the trial court took the additional step of informing appellants' counsel by telephone that the trial would commence as ordered absent a voluntary dismissal or a stay order. Nevertheless, neither appellants nor their counsel appeared for trial.
 {¶ 28} Appellants argue, however, that there is a reasonable explanation for their failure to appear. Appellants first assert that they did not appear because their complaint for writs of mandamus and prohibition was pending before the Ohio Supreme Court. However, simply filing a complaint for writs of mandamus and prohibition in a higher court does not stay the proceedings in the lower court. Appellants did nothing to seek a stay of the case prior to the trial date. Nor did they seek a postponement of the trial date. Appellants' inaction is particularly egregious given that the trial court informed them, via the March 29, 2002 telephone call, that trial would commence on April 2, 2002, absent notice of a voluntary dismissal or a stay from the Ohio Supreme Court. Additionally, we note that, even after receiving the telephone message, appellants delayed seeking a stay from the Ohio Supreme Court until April 17, 2002 — two weeks after the trial date and only one day before the show cause hearing.
 {¶ 29} Appellants also assert that they did not attend the trial in order to protect their constitutional right to trial by jury. This argument assumes that, by appearing at trial, appellants would have waived their right to a jury. However, the record shows that appellants demanded a jury in their complaint and also filed a separate motion seeking a jury trial. Although the trial court ruled that appellants were not entitled to a jury trial, the issue was preserved for appeal. Therefore, any alleged infringement of appellants' constitutional rights could have been addressed on appeal.
 {¶ 30} We further note that, although the trial court struck appellants' jury demand on April 21, 2000, appellants waited almost two years before seeking a writ of mandamus. Appellants' conduct is consistent with a pattern of dilatory conduct exhibited throughout the pendency of this case. For example, on the issue of personal immunity for appellee's employees, the trial court ordered appellants in July 2000, to submit a list of individuals whose immunity status was in question. Appellants failed to respond to the order. Appellants did not raise the personal immunity issue until December 28, 2001 — approximately two weeks before the trial was initially scheduled to begin. Thus, despite the large window of time to resolve the jury and personal immunity issues, appellants waited until the eve of trial before seeking relief in mandamus. More significantly, appellants simply ignored the order of the trial court setting the trial date.
 {¶ 31} "A trial court is in the best position to determine whether delays in the prosecution of a case are due to legitimate reasons." Indus. Risk Insurers, supra, at 581. In light of the facts presented in this case, we conclude that the trial court did not abuse its discretion when it dismissed appellants' case with prejudice.
 {¶ 32} Although appellants' counsel did appear at the show cause hearing, this appearance cannot overcome a pattern of delay and outright disregard for orders of the trial court. Further, because substantial grounds existed to dismiss the case, we also conclude that the trial court did not abuse its discretion by not considering lesser sanctions. Sazima, supra, at 158.
 {¶ 33} Because we conclude that the trial court properly dismissed appellants' case for failure to prosecute, the remainder of appellants' assignments of error are moot. Therefore, we overrule appellants' second assignment of error, overrule the remainder of appellants' assignments of error as moot, and affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.