[Cite as *Snyder v. Grant*, 2014-Ohio-4577.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100977**

---

# CHARLES DAVID SNYDER

PLAINTIFF-APPELLANT

vs.

# KENNETH GRANT, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
AFFIRMED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-12-791778 and CV-12-796972

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEYS FOR APPELLANT**

John A. Demer
John A. Demer & Associates
2 Berea Commons
Suite 200
Berea, Ohio 44017

Paul W. Flowers
Paul W. Flowers, Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

James A. Marniella
Marisa A. Marniella
Demer & Marniella, L.L.C.
2 Berea Commons
Suite 200
Berea, Ohio 44017

**ATTORNEY FOR APPELLEES**

Eugene G. Godward
Keith & Godward
135 Portage Trail
P.O. Box 374
Cuyahoga Falls, Ohio 44222-0374

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiff-appellant, Charles David Snyder ("Snyder"), appeals from an order granting judgment in favor of defendants-appellees, Kenneth Grant and Susan J. Grant Kalal ("Kalal") (collectively "appellees"), on Snyder's complaint and appellees' counterclaim. We find no merit to the appeal and affirm.

{¶2} This case arises from a sale leaseback transaction. In 2007, Snyder needed a large sum of cash for his business. At that time, Snyder owned two residential properties: (1) a primary residence located on Edgewater Drive in Lakewood, Ohio, and (2) a vacation home in Chautauqua County, New York (collectively "the properties"). According to the complaint, appellees agreed to purchase Snyder's properties for $4 million and allowed Snyder to lease the properties with the possibility of eventually buying the properties back. To finance the purchase, appellees used the properties as collateral to borrow in excess of $5 million. As part of the settlement for the funds, appellees received $1 million.

{¶3} Following the sale, Snyder and his family continued to live in the two properties for several years. However, in August 2012, Kalal filed an eviction action in the Lakewood Municipal Court and attached an unsigned copy of a lease agreement to the complaint. The lease agreement provided Snyder the right to purchase the properties upon a 60-day notice and application of accrued rental payments. In the eviction complaint, appellees alleged that Snyder was in default of the lease for failure to pay rent. Pursuant to R.C. 1923.08, the Lakewood Municipal Court ordered Snyder to post a cash

bond of $10,000, which represented one month's rent, on the first business day of each month during the pendency of the eviction action. Snyder complied with the court order and timely filed the bonds in the Lakewood Municipal Court.

{¶4} In September 2012, Snyder filed a complaint against appellees in the Cuyahoga County Common Pleas Court seeking (1) a declaratory judgment that he is the equitable owner of the properties, (2) injunctive relief enjoining appellees from taking or selling the personal property in the homes, and (3) compensatory damages in an amount exceeding $100,000. Snyder subsequently filed a motion to transfer the eviction action from the Lakewood Municipal Court to the common pleas court. After some briefing, the Lakewood Municipal Court concluded:

> [T]he right of possession of the rental premises is intricately involved with the overall, long standing business dealings of the parties. Moreover, many of the issues involved go beyond the subject matter of this court. The defendant has claimed to exercise the right to purchase the property under the terms of the lease. As a result, determination of possession of the property would necessarily involve the validity of the contract as well as whether the defendant properly complied with all of its terms to invoke the purchase clause of the rental agreement.

Accordingly, the Lakewood Municipal Court transferred the eviction action to the common pleas court.

{¶5} Pursuant to the transfer order, Snyder posted bond in the Lakewood Municipal Court through December 2012. The transfer order further directed Snyder to continue making monthly payments of $10,000 to the clerk of the Cuyahoga County Common Pleas Court "unless otherwise directed" by the common pleas judge.

**{¶6}** Following the transfer to the common pleas court, appellees filed a motion to increase the amount of Snyder's rental deposits, which was denied. Snyder attempted to make a bond payment in January 2013, but the court's bailiff instructed him to "hold onto his check." Snyder did not make payments for the months of January 2013 through July 2013 and, in July 2013, he filed a motion to reduce the bond amount.

**{¶7}** Meanwhile, Kalal filed a motion to enforce the court's prior order requiring Snyder to make immediate bond deposits to the clerk of courts. Snyder opposed the motion and asserted that his signature on the lease presented by appellees had been forged. In response, the court issued the following order:

> Plaintiff Charles Snyder's motion to decrease deposit amount is denied. Plaintiff shall continue to deposit $10,000 cash bond with the clerk of the Cuyahoga County Court of Common Pleas each month on or before the first business day of each month on or before the first business day of each month.

**{¶8}** Snyder deposited $10,000 with the court on August 1, 2013. On August 6, 2013, the court issued another order:

> Defendant's motion to enforce prior order of the court, and to require immediate bond deposits by Snyder, filed 5/20/13, is granted. Plaintiff Charles Snyder shall file with the clerk of courts bond deposits of $10,000 for each of the seven (7) months during which no bond deposits were received: January, February, March, April, May, June, and July 2013. Plaintiff CharlesDavid Snyder shall make such deposits within thirty (30) days of the date of this order.

**{¶9}** Snyder failed to post the payment as ordered. On September 11, 2013, appellees filed motion for default judgment against Snyder and for dismissal of Snyder's claims against them. In November 2013, the court denied the motion but warned:

Plaintiff is ordered to pay the delinquent bond deposits to the Cuyahoga County Clerk of Courts in the amount of $70,000 for the months of January, February, March, April, May, June, and July of 2013, within-one days (21) of the date of this order, or this court will reconsider dismissing plaintiff's claims and/or granting a default judgment against plaintiff in defendants favor. In addition, Plaintiff is ordered to file with the Cuyahoga County Clerk of Courts bond deposits in the amount of $10,000 for each month, beginning with September 2013, that plaintiff has resided in the Lakewood property at issue but failed to pay the court ordered rent. Plaintiff shall file these bond deposits withing twenty-one (21) days of the date of this order, or this court will reconsider dismissing the plaintiff's claims and/or granting a default judgment against plaintiff in defendant's favor.

{¶10} Snyder again failed to make the required deposits. On December 5, 2013, Kalal filed a renewed motion for judgment and dismissal. Snyder opposed the motion, again arguing that his signature on the lease agreement had been forged. This time the trial court granted the motion and entered judgment in appellees' favor. In its journal entry, the trial court stated, in relevant part:

At multiple pretrial conferences, this plaintiff's counsel presented their argument that the lease agreements were invalid. This court, after hearing their arguments, still issued three court order which plaintiff disobeyed. * * * Plaintiff's only excuse for disobeying court orders is that he did not agree with the court's reasoning. That is not a valid excuse. When this court issued its last warning * * *, it warned plaintiff that "Plaintiff shall file these bond deposits within twenty-one (21) days of the date of this order, or this court will reconsider dismissing plaintiff's claims and/or granting a default judgment against plaintiff in defendant's favor. Plaintiff failed to file such bonds. Therefore, this court rules that (1) all of plaintiff Snyder's claims in this case are dismissed with prejudice, * * * [and] (2) defendants are granted judgment in their favor on all their claims in this case.

{¶11} The journal entry also awarded appellees $397,000 for unpaid rent on the Lakewood property, $170,000 for unpaid rent for the Chautauqua property, and

$82,479.45 for real estate taxes that Snyder was obligated to pay under the lease. Snyder now appeals and asserts two assignments of error.

## Due Process

{¶12} In the first assignment of error, Snyder argues the trial court violated his fundamental right to due process by ordering him to make bond payments upon a disputed lease agreement. He contends the court lacked authority to order the payments under R.C. 1923.08.

{¶13} Due process requires both notice and an opportunity to be heard. *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, 875 N.E.2d 582, ¶ 13. "'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.*, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

{¶14} R.C. 1923.08 authorizes a trial court to order a tenant to deposit a bond with the court to cover the payment of rent that may accrue during the pendency of an eviction case. However, R.C. 1923.08 only allows the court to order a bond payment if the tenant requests and receives a continuance for a period longer than eight days.

{¶15} "The public policy behind R.C. 1923.08 is obvious." *Brown v. Fay Apts.*, 62 Ohio Misc.2d 188, 190, 594 N.E.2d 190 (C.P.1991). It is that a landlord should not suffer financial hardship while attempting to evict a tenant who continues to live on the

premises without paying rent. *Id.* Furthermore, the eight days permitted by this section for a continuance of an action is the maximum period of time for a continuance that may be allowed without bond. *Barr Hotel Co. v. Lloyd MacKeown Buick Co.*, 104 Ohio App. 69, 146 N.E.2d 879 (3d Dist.1957) (decided under a former analogous section that also provided a maximum period of eight days without bond).

{¶16} The Lakewood Municipal Court first ordered Snyder to make a bond deposit pursuant to R.C. 1923.08 when Snyder requested a continuance for a period in excess of eight days. The court also directed Snyder to make monthly bond payments for two additional months until the case was transferred to the common pleas court. In its journal entry transferring the case, the Lakewood Municipal Court ordered Snyder to continue making bond payments to the clerk of the common pleas court unless the common pleas judge directed otherwise.

{¶17} Despite Snyder's argument to the contrary, the trial court was authorized to continue the bond requirement pursuant to R.C. 1923.061. R.C. 1923.061 provides that, in the event a tenant asserts a counterclaim against the landlord, "the court from time to time may order the tenant or resident to pay into court all or part of the past due rent and rent becoming due during the pendency of the action." R.C. 1923.061 does not limit the obligation to pay rent during the pendency of the action to those times when the tenant seeks a continuance in excess of eight days.

{¶18} Although Snyder filed his claims in a separate action in the common pleas court as opposed to a counterclaim in the Lakewood Municipal Court, R.C. 1923.061

applied to the case because Synder's claims were in all other respects counterclaims to the original eviction action. In his complaint, Snyder sought compensatory damages and a declaration that (1) he is the equitable owner of the properties that are the subject of appellees' eviction action, and (2) he is entitled to have title to the Lakewood property transferred to him. R.C. 1923.061 contemplates an extended period of time during which a tenant may be required to make bond payments in complicated actions to recover possession of residential premises and authorizes the imposition of monthly bond payments to cover the rent while the case is pending. Thus, the trial court had legal authority to require Snyder to make monthly bond payments of rent pursuant to R.C. 1923.061.

{¶19} The court ordered Snyder to make the bond payments in three separate court orders. Snyder received notice of all the orders and responded to two of the orders by arguing that the lease was invalid because it contained his forged signature. Snyder's responses to the court's orders demonstrate that he had an opportunity to be heard and the court rejected his argument. In short, the court ordered him to make the bond deposits, and he failed to comply with the court's orders. In the last order, the court warned Snyder that if he failed to make the required bond payments, the court would "reconsider dismissing plaintiff's claims and/or granting a default judgment against plaintiff in defendants' favor." Thus, the court offered Snyder an opportunity to present an argument against the monthly bond requirement and Snyder received notice of the consequences of his continued defiance. Furthermore, the court afforded him an

opportunity to comply with the court's orders prior to its final judgment, but Snyder took no action.

**{¶20}** Snyder further argues the court's imposition of a bond was illegal because it afforded appellees an unfair advantage. He contends appellees filed multiple motions to enforce the court order imposing the bond, knowing that Snyder was suffering financially, in order to force Snyder to default. However, Snyder continued to live on the premises without paying rent until January 2014, when the court entered judgment in appellees' favor.

**{¶21}** If Snyder was unable to make the monthly bond payments, he could have moved to a less expensive residence while the case was pending and thus would have been relieved of the monthly rent obligation. Indeed, the court warned that failure to make the bond payments would result in judgment in appellees' favor. Yet, rather than take action to preserve any interest he may have had in the property, Snyder opted to defy the court's order and risk having a default judgment entered against him. He cannot now blame the court for his own failure to protect his interests. We find no due process violation under the facts presented here.

## Abuse of Discretion

**{¶22}** In the second assignment of error, Snyder argues the trial court abused its discretion by entering judgment in favor of appellees' on his claims against them and their claims against him.

**{¶23}** Dismissal with prejudice is a harsh sanction. It is reserved for cases in which a party's conduct "'falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.'" *Sazima v. Chalko*, 86 Ohio St.3d 151, 158, 712 N.E.2d 729 (1999), quoting *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 70, 479 N.E.2d 879 (1985).

**{¶24}** Because a dismissal with prejudice deprives the claimant of a hearing on the merits, we review a trial court's decision to dismiss a case with prejudice under a "heightened" abuse-of-discretion standard. *Ocran v. Richlak*, 8th Dist. Cuyahoga No. 99856, 2013-Ohio-4603, ¶ 12. Accordingly, we will affirm a dismissal with prejudice only where the record shows that the party's conduct "'is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to * * * obey a court order.'" *Sazima* at 158, quoting *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 48, 684 N.E.2d 319 (1997).

**{¶25}** In this case, the trial court dismissed Synder's claims and entered a default judgment in favor of appellees because Snyder failed to comply with multiple court orders requiring him to make monthly rent deposits. Snyder argues the trial court abused its discretion by dismissing his claims and entering judgment against him because he presented expert evidence that his signature on the disputed lease agreement had been forged. However, the validity and enforceability of the lease agreement were ultimate

issues of fact in the case that would have been decided at trial. R.C. 1923.061 authorized the court to order rental payments until the ultimate issues in the case were decided.

{¶26} As previously stated, the policy behind these bond payments is to protect a landlord's interest in the rent while attempting to evict a tenant who continues to live on the premises without paying rent. *Fay Apts.*, 62 Ohio Misc. 2d at 190, 594 N.E.2d 190. The bond deposits also protect the tenant's interest in possession of the premises as well as the funds until the tenant's right to possession is ultimately determined. Thus, the mandated bond deposits were reasonably aimed at protecting all the parties' interests.

{¶27} Although Snyder asserted he should not be required to make bond payments because his signature on the lease agreement was forged, the trial court rejected that argument and instructed him to make the monthly payments. Despite repeated warnings that the court would dismiss Snyder's claims and enter default judgment against him if he failed to comply with court's order, Snyder made no payments and continued to live on the premises. Under these circumstances, Snyder's failure to either make the payments or vacate the premises constitutes "'a complete disregard for the judicial system [and] the rights of the opposing party.'" *Sazima*, 86 Ohio St.3d 151 at 158, quoting *Moore*, 18 Ohio St.3d 64 at 70. Thus, the trial court acted within its discretion when it dismissed Snyder's claims with prejudice and entered a default judgment against him.

{¶28} However, the record does not contain any evidence to support the trial court's award of money damages. There is no evidence to substantiate the amount of unpaid rent for either the Lakewood or Chautauqua properties. Evidence as to the

amount of unpaid real estate taxes is also lacking. According to their renewed motion for judgment, appellees intended to present evidence to support their damage claims at a damages hearing, but the court never held a hearing. Under these circumstances, we find that the trial court abused its discretion by awarding money damages in the absence of evidence to support the damages award.

{¶29} The second assignment of error is sustained in part and overruled in part.

{¶30} The dismissal of Snyder's claims and the default judgment with respect to Snyder's liability for damages are affirmed. However, we remand the case to the trial court for a hearing on damages.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the court of common pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR