**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 151.]**

**SAZIMA, APPELLANT, *v.* CHALKO, APPELLEE.**

**[Cite as *Sazima v. Chalko*, 1999-Ohio-92.]**

*Civil procedure—Trial court abuses its discretion in dismissing an action with prejudice for party's unexplained failure to timely comply with an order for a more definite statement, when.*

(No. 98-1510—Submitted May 4, 1999—Decided July 28, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 72769 and 73138.

_____

**{¶ 1}** On April 3, 1995, appellant, Susan Sazima, filed a complaint for legal malpractice against appellee, Paul P. Chalko.[1]  On May 15, 1995, appellee filed a motion for definite statement pursuant to Civ.R. 12(E).[2]  On June 16, 1995, the trial court ordered:  "Motion of defendant, Paul Chalko, for a definite statement pursuant to Civ. Rule 12(E), filed 5-15-95, is granted without opposition.  Same to be provided within 30 days or case will be dismissed."  On July 12, 1995, appellant filed a definite statement.[3]  On July 27, 1995, appellee filed a stipulation for leave

---

1. Aside from its prayer for relief, the complaint reads, in its entirety:
    "Now comes the Plaintiff, Susan Sazima, and for her Cause of Action against Defendant, says that:
    "1.  Defendant Paul P. Chalko is a lawyer authorized to practice law within the State of Ohio and holds himself out as competent to practice before the courts of the State of Ohio;
    "2.  Plaintiff retained the services of Defendant in an attorney/client relationship in 1994;
    "3.  as a direct and proximate result of the negligence of this Defendant in such representation and his deviation from recognized standards of practice, this Plaintiff has sustained severe financial damage in addition to her reputation and to her career."

2.  In his motion, appellee requested the trial court to "order plaintiff to provide a definite statement indicating when the attorney-client relationship existed and specifying the acts committed by Chalko which plaintiff claims constitute his deviation from the recognized standards of care."

3.  In her statement, appellant set forth the following as amendments of the paragraphs specified in her complaint:
    "2.  The attorney/client relationship was created between the Plaintiff and the Defendant on or about December, 1993 or January, 1994.

to respond to the definite statement by September 24, 1995, which the trial court granted on August 8, 1995. On September 20, 1995, appellant filed a notice of voluntary dismissal pursuant to Civ.R. 41(A), and on October 17, 1995, the trial court dismissed the case without prejudice.

{¶ 2} On September 17, 1996, appellant refiled her complaint.[4] On October 28, 1996, appellee again moved the court to order a definite statement. In his motion, appellee argued that "it was improper for plaintiff to refile the same vague original complaint," and moved the court "to sanction plaintiff and her counsel in this matter." Appellee claimed he was "entitled to an award of fees associated with straightening out this matter as well as any other sanction which this court deems to be appropriate."

{¶ 3} On March 5, 1997, the trial court entered its order stating, "Motion for a more definite statement, filed 10-28-96, is granted. Pltf. to file more definite statement by 3-14-97."

{¶ 4} On April 25, 1997, appellee filed a motion to dismiss appellant's complaint as a sanction for failing to comply with the court's order requiring appellant to file a more definite statement, along with a motion to compel appellant to respond to certain outstanding discovery requests.

{¶ 5} On May 9, 1997, the trial court granted appellee's motion to compel discovery, informing appellant that "[s]anctions, including dismissal, may be imposed for failure to comply within two weeks of the date of this order."[5] On May 27, 1997, appellant responded to appellee's discovery requests and filed a definite

---

"3. Defendant breached those confidences made to him during this attorney/client relationship with the Plaintiff while testifying in the unrelated case of *John R. Masters, et al. v. Paul Chalko, et al.*, Cuyahoga County Common Pleas Case No. 2722373."

4. The refiled complaint is essentially identical to the complaint as originally filed.

5. It appears that the notice regarding the trial court's May 9, 1997 order compelling discovery was not mailed until May 19, 1997, and was not received by appellant's counsel before May 20, 1997.

statement.[6]

{¶ 6} On May 30, 1997, the trial court journalized its order dated May 28,

---

6. The statement amends the complaint as follows:

"4. That Defendant deviated from the recognized standards of conduct when he failed to advise Plaintiff that if he represented her on a matter adverse to Dr. Master, he would be in a conflict of interest;

"5. That Defendant deviated from the recognized standards of conduct when he failed to advise Plaintiff that without medical evidence of the incompetency of Dr. Master, any Guardianship Application would be unsuccessful;

"6. That Defendant deviated from the recognized standards of conduct when he failed to advise Plaintiff that she would be unable to obtain medical information about Dr. Master without Master's authorization;

"7. That Defendant deviated from the recognized standards of conduct when he accepted the filing fee for a Guardianship Application while knowing that such Application would be unsuccessful;

"8. That Defendant deviated from the recognized standards of conduct when he failed to advise Plaintiff prior to the Hearing on her Application that he was unprepared to go forward and neglected the legal matter she had entrusted to him;

"9. That Defendant deviated from the recognized standard of conduct when he failed to inform Plaintiff about the truth of what took place before the Referee at the hearing on the Application and the Conservatorship;

"10. That Defendant deviated from the recognized standards of conduct when he failed to advise Plaintiff that he had withdrawn her Application;

"11. That Defendant deviated from the recognized standards of conduct when he accepted certain audio cassettes from Plaintiff with knowledge of their contents and without advising Plaintiff that such distribution would and could be a basis for criminal and civil actions against her and the consequences of her possession of the same;

"12. That Defendant deviated from the recognized standards of conduct when he provided the aforementioned cassettes to an attorney representing a party adverse to Plaintiff without Plaintiff's knowledge or permission when he knew or reasonably should have known that such actions exposed Plaintiff to potential civil and criminal liability;

"13. That Defendant deviated from the recognized standards of conduct when he failed to protect the interest of his client, the Plaintiff;

"14. That Defendant deviated from the recognized standards of conduct when he breached those confidences made to him during this attorney/client relationship with the Plaintiff while testifying in the unrelated case of *John R. Masters, et al. v. Paul Chalko, et al.*, Cuyahoga County Common Pleas Case No. 272373;

"15. That Defendant deviated from the recognized standards of conduct when he disclosed confidential information [from] his client, the Plaintiff;

"16. That Defendant deviated from the recognized standards of conduct when he allowed other partie[s'] interests [to] affect his judgment in representing Plaintiff;

"17. That Defendant deviated from the recognized standards of conduct when he failed to act competently;

"18. That Defendant deviated from the recognized standards of conduct when he failed to keep and maintain files of Plaintiff's records and papers relating to Defendant's representation of Plaintiff."

1997, stating that "[d]efendant Paul Chalko's motion to dismiss, filed 4/25/97, is *granted*. Per court's order filed [March 5, 1997] [plaintiff] to file more definite statement by 3/14/97, and sanctions were to be imposed for failure to comply. [Plaintiff] has not offered an explaination [*sic*] for failure to timely comply."

{¶ 7} The court of appeals affirmed the trial court's dismissal of the action. In so doing, the court found that appellant "had implied notice that her case was subject to dismissal with prejudice for failure to timely comply with the order of the trial court that a more definite statement be filed by March 14, 1997." The court also found that because "[p]laintiff-appellant repeatedly ignored orders of the trial court with little or no justification presented, * * * [t]he trial court was left with little alternative at that point but to dismiss the action based on plaintiff-appellant's unexplained failure to comply with the court's order in a timely manner." In addition, the court of appeals found that although appellant eventually responded to the orders compelling discovery and for a definite statement, "each [pleading] was clearly out of rule and therefore not in compliance with the orders of the trial court. * * * Clearly, plaintiff-appellant's eleventh hour attempt at perfunctory compliance with the court's orders with no showing of good cause for the undue delay does not constitute actual compliance."

{¶ 8} The cause is now before this court pursuant to the allowance of a discretionary appeal.

———————————

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Ellen M. McCarthy, David M. Paris* and *Kathleen J. St. John*, for appellant.

*Gallagher, Sharp, Fulton & Norman, Timothy T. Brick* and *Timothy P. Whitford*, for appellee.

———————————

**ALICE ROBIE RESNICK, J.**

{¶ 9} The sole issue presented is whether the trial court abused its discretion

4

in dismissing the action with prejudice for appellant's unexplained failure to timely comply with its March 5, 1997 order for a more definite statement. For the following reasons, we hold that the trial court abused its discretion.

{¶ 10} Civ.R. 12(E) provides:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within fourteen days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

{¶ 11} Civ.R. 41(B)(1) provides:

"Where the plaintiff fails to prosecute, or comply with these rules *or any court order*, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel*, dismiss an action or claim." (Emphasis added.)

{¶ 12} In *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 135, 488 N.E.2d 881, 883, we held that "the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice. * * * A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." (Emphasis *sic*.)

{¶ 13} The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default. *Id.*, 22 Ohio St.3d at 101, 22 OBR at 135, 488 N.E.2d at 883 ("Notice of intention to dismiss with prejudice gives the non-complaining party one last chance to obey the court order in full."); *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361, 1365, quoting McCormac, Ohio Civil Rules Practice (2 Ed.1992) 357, Section 13.07 ("The purpose of notice is to 'provide the

party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.' ''); *Moore v. Emmanuel Family Training Ctr., Inc.* (1985), 18 Ohio St.3d 64, 69, 18 OBR 96, 101, 479 N.E.2d 879, 885 ("The purpose of this notice requirement is to give a party an opportunity to obey the order.").

{¶ 14} In *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 684 N.E.2d 319, at the syllabus, the court held that the notice requirement of Civ.R. 41(B)(1) is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." The gist of this holding is that "the notice required by Civ.R. 41[B][1] need not be actual but may be implied when reasonable under the circumstances." 80 Ohio St.3d at 49, 684 N.E.2d at 322. As relevant here, the court found that the fact that the defendant had filed a motion requesting the court to dismiss plaintiff's claim with prejudice constituted sufficient implied notice for purposes of Civ.R. 41(B)(1). 80 Ohio St.3d at 48-49, 684 N.E.2d at 322.

{¶ 15} As pointed out by the dissenting opinions in that case, the majority's decision in *Quonset* represents a rejection of the proposition that Civ.R. 41(B)(1) requires the trial court to expressly and unambiguously give actual notice of its intention to dismiss with prejudice. 80 Ohio St.3d at 50, 684 N.E.2d at 323 (Douglas, J., dissenting); 80 Ohio St.3d at 51-52, 684 N.E.2d at 324 (Resnick, J., dissenting). Nevertheless, the one inexorable principle that continues to be recognized in *Quonset* is that "the very purpose of notice is to provide a party with an opportunity to explain its default and/or correct it." 80 Ohio St.3d at 49, 684 N.E.2d at 322. Thus, the majority in *Quonset* was quite careful in pointing out that at the time the trial court granted defendant's motion to dismiss, neither the plaintiff nor its counsel had taken any action to comply with the outstanding order, and there was no reason for the court to expect that one more warning would have prompted them to do so. *Id.*

**{¶ 16}** In the present case, the trial court never gave actual or express notice to appellant's counsel that the cause would be dismissed with prejudice for failure to timely comply with its order of March 5, 1997. It is true, as appellee points out, that "[i]n the original action the trial court expressly warned appellant of the possibility of dismissal for failing to file a more definite statement." However, such express language is conspicuously omitted from the trial court's March 5, 1997 order entered in the refiled action, and appellant in fact complied with the court's original order of June 16, 1995. This omission becomes even more glaringly obvious when we consider that the trial court's order of May 9, 1997, granting appellee's motion to compel discovery, contained explicit notice that "[s]anctions, *including dismissal*, may be imposed." (Emphasis added.) Indeed, given the fact that appellant had once complied with an order for a definite statement, and that the trial court's order of March 5, 1997, unlike its other orders, provided no notice of its intent to dismiss, one could reasonably conclude that the trial court had no intention of dismissing the action if appellant failed to provide a definite statement by March 14, 1997.

**{¶ 17}** However, pursuant to *Quonset*, we must find that appellee's April 25, 1997 motion to dismiss was sufficient to put appellant's counsel on implied notice that the case would be dismissed if appellant did not file a definite statement.[7] Thus, appellant's counsel received notice under Civ.R. 41(B)(1) at the time he became aware that appellee had filed his motion requesting the court to dismiss appellant's claim with prejudice.

**{¶ 18}** This fact, however, does not determine the issue presented in this

---

7. Appellee's October 28, 1996 motion, however, was insufficient for purposes of Civ.R. 41(B)(1)'s requirement for notice, even under *Quonset*. In that motion, appellee sought "an award of fees associated with straightening out this matter as well as any other sanction which this court deems to be appropriate." While the term "any other sanction" may imply dismissal, we will not allow an implication to be piled on top of another implication for purposes of implied notice under Civ.R. 41(B)(1).

case.  As *Quonset* continued to recognize, "the very purpose of notice is to provide a party with an opportunity to explain its default *and/or correct it*."  (Emphasis added.)  80 Ohio St.3d at 49, 684 N.E.2d at 322.  In other words, the implied notice furnished by appellee's motion of April 25, 1997, gave appellant "one last chance to obey the court order in full."  *Mindala*, 22 Ohio St.3d at 101, 22 OBR at 135, 488 N.E.2d at 883.  Appellant availed herself of this opportunity when she filed her definite statement on May 27, 1997, in which she cured the defects complained of and provided the details desired.  See fn. 6.  Unlike the plaintiff in *Quonset*, appellant and her counsel took action to comply with the outstanding order *three days prior to the trial court's order of dismissal*.  Stated differently, the trial court in this case dismissed the action with prejudice three days *after appellant's counsel had complied with the outstanding order*.

{¶ 19} The situation in this case, therefore, is entirely different from that in *Quonset*, where "[t]here was no reason for the trial court to expect that one more warning would have prompted" plaintiff to comply with the outstanding order.  80 Ohio St.3d at 49, 684 N.E.2d at 322.  To the contrary, the initial implied warning did in fact prompt appellant to comply with the court's outstanding order, and this action took place before the court's determination to dismiss for noncompliance.  If a trial court were permitted to dismiss an action for plaintiff's failure to comply with an outstanding order after notice to the plaintiff's counsel resulted in compliance, the entire purpose of providing notice in the first place would be defeated.

{¶ 20} This does not mean, as appellee suggests, that "such a lax rule" would give plaintiffs "a free pass to comply with [court] orders at some undefined future time and would allow the plaintiff to ignore deadlines which are contained within the trial court's order."  It simply means that a trial court is required to give effect to the purpose behind Civ.R. 41(B)(1)'s requirement for notice.  If dismissal is otherwise warranted under the circumstances, nothing in this opinion precludes

a trial court from dismissing an action for plaintiff's failure to comply with a court order after notice is given to plaintiff's counsel and a reasonable time to comply has elapsed. However, once plaintiff's counsel has responded to the notice given pursuant to Civ.R. 41(B)(1) by complying with the trial court's outstanding order, the trial court may not thereafter dismiss the action or claim on the basis of noncompliance with that order.

{¶ 21} What appellee really objects to is the fact that Civ.R. 41(B)(1) gives the plaintiff another opportunity to comply with a court order after the deadline specified for compliance has run. This is not, however, the time or the place to consider amending the rule.

{¶ 22} The court of appeals also found that dismissal of appellant's action was warranted because "appellant repeatedly ignored orders of the trial court with little or no justification presented." We disagree. In the first place, the trial court's decision to dismiss the action was based solely on appellant's failure to timely file a definite statement as ordered. The trial court made no finding that any other conduct or noncompliance on appellant's part warranted a dismissal with prejudice.

{¶ 23} Second, the record does not support the conclusion that "appellant repeatedly ignored orders of the trial court." The record reveals that appellant failed to comply with two orders issued by the trial court: (1) the trial court's order of March 5, 1997 for a definite statement, and (2) the trial court's order of May 9, 1997, granting appellee's motion to compel and ordering appellant to comply within two weeks. Noncompliance with this second order is tempered by the fact that appellant filed her response within seven days of receiving notice of the order. See fn. 5.

{¶ 24} In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action. See *Jones v. Hartranft* (1997), 78 Ohio St.3d 368, 372, 678 N.E.2d 530, 534; *Indus. Risk*

*Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576, 635 N.E.2d 14, at the syllabus. However, "[t]he extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." *Moore,* 18 Ohio St.3d at 70, 18 OBR at 102, 479 N.E.2d at 885. In other words, dismissal is reserved for those cases in which " ' "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." ' " *Quonset,* 80 Ohio St.3d at 48, 684 N.E.2d at 321, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944. Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. *Jones,* 78 Ohio St.3d at 371-372, 678 N.E.2d at 534. See, also, 9 Wright & Miller, Federal Practice and Procedure (1995) 340, Section 2369; 5A Wright & Miller (1990), *supra*, at 640-641, Section 1379. It is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 257, 454 N.E.2d 951, 952. "Thus, although reviewing courts espouse an ordinary 'abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." *Jones*, 78 Ohio St.3d at 372, 678 N.E.2d at 534. See, also, *Quonset,* 80 Ohio St.3d at 48, 684 N.E.2d at 321.

{¶ 25} Even if the trial court had considered appellant's conduct in failing to comply with its order of May 9, 1997, in addition to that of March 5, 1997, which it did not, these instances of noncompliance, either alone or together, hardly rise to the level of extreme circumstances that would justify a dismissal with prejudice without first resorting to the imposition of lesser sanctions.

{¶ 26} Accordingly, we hold that the trial court abused its discretion in dismissing appellant's action with prejudice. In light of our holding, we reverse

the judgment of the court of appeals and remand the cause to the common pleas court for further proceedings.

*Judgment reversed*

*and cause remanded.*

DOUGLAS, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

———————————

**COOK, J., dissenting.**

{¶ 27} I agree with the court of appeals that Sazima's failure to comply with a court order to file a document was sufficiently contumacious to warrant dismissal of the case: compliance occurred more than thirty days from the date of notice of the possibility that dismissal could result from the failure to comply.

{¶ 28} Civ.R. 41(B)(1) provides that where a plaintiff fails to comply with a court order the action may be dismissed (1) upon motion of the defendant or the court, and (2) upon notice to the plaintiff. In *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 684 N.E.2d 319, we determined that the motion to dismiss satisfies the element of notice. *Id.* at 48-49, 684 N.E.2d at 322. We held that where counsel has such notice and is given a reasonable opportunity to respond, Civ.R. 41(B)(1) is satisfied. *Id.* at syllabus.

{¶ 29} In this case, the trial court ordered Sazima to file a more definite statement within nine days. Forty-two days beyond this deadline, Chalko moved to dismiss for Sazima's failure to comply. Under *Quonset Hut*, Chalko's motion constituted the requisite notice of possible dismissal. Thirty-two days after this notice and seventy-four days after the original due date, Sazima finally filed the required document.

{¶ 30} "The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court." *Id*. at 47, 684 N.E.2d at 321. "[T]his court will not hesitate to affirm the dismissal of the action when ' "the conduct of a party

is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." ' " *Id.* at 48, 684 N.E.2d at 321, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944, quoting *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 223, 6 O.O.3d 237, 239, 369 N.E.2d 800, 803.

**{¶ 31}** Here, Sazima disregarded the original court order to file a more definite statement for more than two months. Chalko's motion provided her a "second chance" by putting her on notice of possible dismissal, but she disregarded this for yet another month. The fact that she ultimately did comply prior to the order of dismissal is irrelevant to the court's assessment of when compliance *should* have occurred.

**{¶ 32}** Dismissal of an action with prejudice is harsh, but " 'keeping this suit alive merely because * * * [Sazima] should not be penalized for the omissions of [her] own attorney would be visiting the sins of * * * [Sazima's] lawyer upon * * * [Chalko].' " *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 152, 1 O.O.3d 86, 89-90, 351 N.E.2d 113, 117, quoting *Link v. Wabash RR. Co.* (1962), 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 740, fn. 10. Where dismissal results from an attorney's negligence, " 'the client's remedy is against the attorney in a suit for   malpractice. ' " *Id.*

**{¶ 33}** I do not believe there is reason to find that the trial court abused its discretion, and I would affirm the judgment of the court of appeals.

MOYER, C.J., concurs in the foregoing dissenting opinion.

_____