[Cite as *Combs v. REO Allegiance, Inc.*, 2011-Ohio-4437.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THOMAS COMBS

      Plaintiff-Appellant

-vs-

REO ALLEGIANCE, INC.

        Defendant-Appellee

JUDGES:
: Hon. W. Scott Gwin, P.J.
: Hon. John W. Wise, J.
: Hon. Patricia A. Delaney, J.
:
:
: Case No. CT2011-0005
:
:
: O P I N I O N


| CHARACTER OF PROCEEDING: | Civil appeal from the Muskingum County Court of Common Pleas, Case No. CH2009-0843 |
|---|---|
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 31, 2011 |
| APPEARANCES: | |

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| MILES D. FRIES | ELIZABETH M. NORTON |
| Gottlieb, Johnston, Beam and Dal Ponte | BONNIE L. WOLFE |

320 Main Street, Box 190
Zanesville, OH 43702-0190

10 W. Broad St., Ste. 2300
Columbus, OH 43215

DOUGLAS R. DENNIS
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202

*Gwin, P.J.*

**{¶1}** Plaintiff-appellant Thomas Combs appeals a judgment of the Court of Common Pleas, Muskingum County, Ohio, which dismissed his complaint against defendant-appellee REO Allegiance, Inc. with prejudice. Appellant raises a single proposition of law:

**{¶2}** "I. A TRIAL COURT ABUSES ITS DISCRETION WHEN IT DISMISSES A COMPLAINT, WITH PREJUDICE, FOR NON-COMPLIANCE WITH A DISCOVERY ORDER AFTER THE ORDER HAS BEEN COMPLIED WITH."

**{¶3}** It appears from the record a bank foreclosing on appellant's property hired appellee to remove appellant's personal property from the structure. Appellant alleged appellee's employees could not complete the job in one day. Appellee's employees informed appellant they would return the following day and either set appellant's remaining property in front of the house or move it to a storage unit and advise appellant of its whereabouts. Appellant alleged appellee's employees removed his remaining property but appellee has failed to return the property or inform appellant where it stored the property. Appellant's complaint sounded in conversion and unjust enrichment, and in the alternative, asserts that if his property cannot be located, then appellee was negligent.

**{¶4}** Appellant filed his complaint on December 11, 2009. Appellee did not file an answer, and on February 5, 2010, appellant filed his motion for default judgment. Appellee sought and was granted leave to file its answer instanter. With the answer, appellee requested a written statement of the property appellant alleged had not been returned. On March 15, 2010, appellee sent discovery requests to appellant. On May 17, 2010, appellee moved the court for an order to compel appellant to respond to a discovery request. The court sustained the motion to compel on May 28, 2010, and directed appellant to respond within 14 days.

**{¶5}** On June 17, appellee filed its motion to dismiss the complaint, citing Civ. R. 41 (B)(1), and failure to prosecute. The trial court set a hearing on the motion to dismiss for November 15, 2010. On November 5, 2010, appellant filed responses to the request for discovery, but, appellee alleges the answers are incomplete. On January 5, 2011, the court sustained the motion to dismiss with prejudice and the motion for sanctions, and awarded attorney's fees.

**{¶6}** Civ. R. 41 (B) provides:

**{¶7}** "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

**{¶8}** Our standard of reviewing a trial court's decision to dismiss a complaint for failure to comply with a court order is the abuse of discretion standard. *Jones v. Hartranft* (1997), 78 Ohio St. 3d 368, 371, 678 N.E. 2d 530. Thus, our review of the dismissal is limited to determining whether the trial court abused its discretion. Id. Abuse of discretion implies a court's attitude is unreasonable, arbitrary, or

unconscionable. See, e.g., *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 450 N.E. 2d 1140. In applying the abuse of discretion standard we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Medical Board* (1993), 66 Ohio St. 3d 619, 621, 641 N.E. 2d 748.

{¶9} In *Quonset Hut v. Ford Motor Company* (1997), 80 Ohio St. 3d 46, 684 N.E. 2d 319, the Ohio Supreme Court held: "For purposes of Civ. R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with the discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Syllabus by the court.

{¶10} Subsequently, the Ohio Supreme Court reviewed the case of *Sazima v. Chalko,* 86 Ohio St. 3d 151, 1999-Ohio-92, 712 N.E. 2d 729, In *Sazima*, a plaintiff filed a complaint for legal malpractice, and the defendant moved for a more definite statement pursuant to Civ. R. 12 (E). The court directed the plaintiff to provide a more definite statement within 30 days or the case would be dismissed. The plaintiff filed a notice of voluntary dismissal pursuant to Civ. R. 41 (A), and the court dismissed the case without prejudice. Later, the plaintiff re-filed a complaint virtually identical to the earlier one. Again, the defendant moved the court to order a more definite statement, and asked the court to sanction the plaintiff for re-filing the same vague complaint.

{¶11} On March 5, 1997, the trial court directed plaintiff to file a more definite statement by March 14. On April 25, 1997, defendant filed a motion to dismiss the complaint for failing to comply with the court's order, and also filed a motion to compel discovery. On May 9, 1997, the court sustained the motion to compel discovery and

stated sanctions including dismissal could be imposed for failure to comply within two weeks of the order.

{¶12} The Supreme Court held that for purposes of Civ.R. 41(B)(1), counsel had notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend. The notice need not be actual, but may be implied if reasonable under the circumstances.

{¶13} However, the Supreme Court noted it appeared from the record the court's order compelling discovery was not mailed until May 19, and was not received by the plaintiff's counsel before May 20, 1997. The defendant did not cite the Rule or move for dismissal in his motion. On May 27, 1997, plaintiff responded to the defendant's discovery requests and also filed a more definite statement. Nevertheless, on May 30, 1997, the court journalized an order dated May 28, 1997, finding plaintiff had neither complied with the order nor offered an explanation for her failure to timely comply.

{¶14} The Supreme Court found the trial court abused its discretion in dismissing the matter for failure to comply, because the plaintiff had complied, apparently within a few days of receiving the actual notice of the order.

{¶15} We find in *Sazima,* the plaintiff had an explanation for her untimely responses to discovery and the order for a more definite statement, and filed her answers within a few days of actually receiving the order. In the case at bar, appellant was directed to respond by June 9, but he did not submit his responses until November 5th. The responses submitted appear incomplete. Appellant had no documentation other than his handwritten lists, gave incomplete and vague information about potential

witnesses, and stated he had given some of the information to his attorney. His only explanation for the lateness of the responses was that he made a phone call on January 20, 2009 to an individual who was "still checking" and would not give appellant any information about the moving company.

{¶16} We find the case at bar is distinguishable from *Sazima,* supra.

{¶17} We find the trial court did not abuse its discretion in dismissing the matter with prejudice.  Appellant's contention the trial court abused its discretion is overruled.

{¶18} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 0811

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

THOMAS COMBS                            :
                                        :
            Plaintiff-Appellant         :
                                        :
                                        :

-vs-                                    :        JUDGMENT ENTRY
                                        :
REO ALLEGIANCE, INC.                    :
                                        :
                                        :
          Defendant-Appellee            :        CASE NO. CT2011-0005


          For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant.


                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. JOHN W. WISE


                                        _____
                                        HON. PATRICIA A. DELANEY