[Cite as *S.C. v. Licking Cty. Health Dept.*, 2017-Ohio-7821.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| S.C. | : | Hon. Patricia A. Delaney, P.J. |
| A MINOR, ET AL | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiffs-Appellants | : |  |
|  | : |  |
| -vs- | : | Case No. 17-CA-16 |
|  | : |  |
| LICKING COUNTY HEALTH | : |  |
| DEPARTMENT, ET AL | : | O P I N I O N |
| Defendants-Appellees |  |  |


CHARACTER OF PROCEEDING:     Civil appeal from the Licking County Court of Common Pleas, Case No. 2016 CV 00578/206773


JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     September 22, 2017


APPEARANCES:

For Plaintiffs-Appellants

TERRY HUMMEL
Schiff & Associates Co.
115 West Main Street, Suite 100
Columbus, OH 43215

For Appellee Licking County Health Department

PATRICK KASSON
Reminger Co., LPA
200 Civic Center Drive, Suite 800
Columbus, OH 43215

For Appellee Central Ohio Youth for Christ, Inc.

KEVIN KITA
Sutter, O'Connell
3600 Erieview Tower
1301 East 9th Street
Cleveland, OH 44114

*Gwin, J.*

**{¶1}** Appellants appeal the February 14, 2017 judgment entry of the Licking County Court of Common Pleas granting appellee's motion to dismiss and dismissing appellants' case with prejudice.

*Facts & Procedural History*

**{¶2}** Appellants S.C., a minor, by and through her natural mother as parent and natural guardian, Heaven Curtis, and Brent Curtis filed a negligence complaint against appellees Licking County Health Department ("Licking County") and Central Ohio Youth for Christ, Inc. ("COYC") on June 27, 2016. In the complaint, appellants alleged that on June 25, 2014, S.C. was being held by her grandmother at a premises owned, managed, and leased by appellees when her grandmother slipped on water that had been spilled or leaked on the floor, resulting in injuries to S.C. Appellants alleged appellees were negligent: in failing to inspect the floor, in failing to warn the floor was wet, in failing to remove water from the floor, and in failing to repair, remove, or remedy the source of the water.

**{¶3}** Licking County filed an answer on July 18, 2016 and COYC filed their answer on July 25, 2016. The trial court issued an order on September 12, 2016 setting a pre-trial conference for November 22, 2016. Also on September 12, 2016, the trial court issued an order with "pre-trial requirements." The order stated, "the pre-trial conference shall be attended by counsel for the parties who shall have their client's present or available by telephone for consultation" and "counsel attending the pre-trial conference shall have complete authority to stipulate matters of evidence, to make admissions, and

to discuss settlement." The trial court also ordered each party to submit a pre-trial statement.

{¶4} Licking County filed a pre-trial statement on October 31, 2016 and COYC filed a pre-trial statement on November 21, 2016.

{¶5} The trial court issued an entry on November 22, 2016. In the order, the trial court set a status conference for February 21, 2017. Additionally, the order stated, "dismiss if plaintiffs' not located by December 31, 2016." The order further stated the trial court needs plaintiffs' pre-trial statement and that it would be coming. The trial court also stated in the order, "cannot locate plaintiffs'; either dismiss or proceed with discovery." At the bottom of the pre-trial order, it says "approved" by counsel for each appellants and appellees, and contains the signature of "attorney for plaintiffs" and "attorney for defendants." Appellants filed their pre-trial statement on December 1, 2016.

{¶6} On January 13, 2017, COYC filed a motion to dismiss for failure to prosecute. In the motion, COYC stated the court's deadline by which appellants' counsel was to locate his clients and respond to discovery passed, as the trial court issued a ruling on November 22, 2016 in which it directed appellants' counsel to locate his clients and respond to discovery before December 31, 2016 and this had not been done. Thus, COYC sought to dismiss the case pursuant to Civil Rule 41(B)(1) for failure to prosecute. In the motion, COYC included the language contained in Civil Rule 41(B)(1) with regards to failure to prosecute. COYC served counsel for appellants via regular mail on January 12, 2017.

{¶7} The trial court issued an order on January 13, 2017. The order stated the trial court would conduct an "oral hearing on Deft. Central Ohio Youth for Christ, Inc.'s

Motion to Dismiss for Failure to Prosecute" on February 13, 2017 at 1:30 p.m. The trial court provided notice of the order to counsel for appellants and counsel for appellees.

{¶8} On February 14, 2017, the trial court issued an order granting COYC's motion to dismiss. The trial court stated the case was "dismissed with prejudice."

{¶9} Appellants appeal the February 14, 2017 judgment entry of the Licking County Court of Common Pleas and assign the following as error:

{¶10} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE."

*Civil Rule 41(B) Dismissals*

{¶11} Appellants contend the trial court abused its discretion in dismissing their case with prejudice. Civil Rule 41(B)(1) provides, "where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to plaintiff's counsel, dismiss an action or claim."

{¶12} Civil Rule 41(B)(3) states, "a dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal otherwise specifies." Thus, the rule provides that a dismissal is an adjudication on the merits, unless the court provides otherwise. *Pembaur v. Leis*, 1 Ohio St.3d 89, 437 N.E.2d 1199 (1982).

{¶13} The decision to dismiss a case pursuant to Civil Rule 41(B)(1) is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 678 N.E.2d 530 (1997). An abuse of discretion is

more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶14} Although reviewing courts employ an ordinary abuse of discretion standard of review for dismissal with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits. *Quonest Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997).

{¶15} In considering dismissals under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, however, "the extremely harsh sanction of dismissal should be reserved for cases when * * * conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." *Id.* In other words, a dismissal is reserved for those cases in which the "conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for a dismissal with prejudice for failure to prosecute or obey a court order." *Id.*

### *Notice*

{¶16} Appellants first contend the trial court abused its discretion in granting the motion to dismiss because appellants did not receive notice that dismissal with prejudice was a possibility. We disagree.

{¶17} Due process requires that notice be given to a party who is in jeopardy of having their claims dismissed so they have one last chance to comply with the order or to explain the default. *Sazima v. Chalko*, 86 Ohio St.3d 151, 712 N.E.2d 729 (1999). This notice requirement applies to all dismissals with prejudice. *Ohio Furniture Co. v. Mindala*,

22 Ohio St.3d 99, 488 N.E.2d 881 (1986). The purpose of the notice is to provide the party in default with an opportunity to explain the default or correct it. *Lodgson v. Nichols*, 72 Ohio St.3d 124, 647 N.E.2d 1361 (1995).

{¶18} In *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997), the Ohio Supreme Court explained that for purposes of Civil Rule 41(B)(1), notice is present of an impending dismissal, with prejudice, when the appellant, or counsel, has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. Subsequently, in *Sazima v. Chalko*, 86 Ohio St.3d 151, 712 N.E.2d 729 (1999), the Ohio Supreme Court held that, for purposes of Civil Rule 41(B)(1), counsel had notice of an impending dismissal with prejudice when counsel had been informed that dismissal is a possibility and had a reasonable opportunity to defend. The notice need not be actual, but may be implied if reasonable under the circumstances. *Id.*

{¶19} In this case, the record indicates appellants received proper notice of the possibility of dismissal and had a reasonable opportunity to defend against the dismissal.

{¶20} As this Court has previously held, pursuant to *Quonset Hut*, an appellee's motion to dismiss pursuant to Civil Rule 41(B)(1) is sufficient to put appellants' counsel on notice that the case could be dismissed with prejudice. *Fulmer v. West Licking Joint Fire District*, 5th Dist. Licking No. 14-CA-58, 2014-Ohio-5873; *Home Loan Savings Bank v. Russell*, 5th Dist. Coshocton Nos. 10-CA-05, 10-CA-08, 2010-Ohio-6409. Thus, COYC's January 13, 2017 motion to dismiss pursuant to Civil Rule 41(B)(1), served on counsel for appellants via regular mail on January 12, 2017, was sufficient to put appellants' on notice that dismissal with prejudice was a possibility. Further, appellants were given a reasonable opportunity to correct or explain why the case should not be

dismissed, as the trial court issued an order on January 13, 2017 that stated the trial court would conduct an oral hearing on the motion to dismiss and that the matter was set for oral hearing on February 13, 2017. The trial court provided notice of the order setting the hearing to counsel for appellants and counsel for appellees.

{¶21} Appellants do not claim in their brief and there is no evidence in the record that appellants or their counsel were not served with notice of the motion to dismiss or the notice of the hearing on the motion to dismiss. Due to the notice of the motion to dismiss, the notice of the oral hearing on the motion to dismiss, and the holding of the hearing on the motion to dismiss one month after the motion was filed, we find, pursuant to *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997), appellants were informed that dismissal with prejudice was a possibility and had a reasonable opportunity to defend against the dismissal.

*Sanction*

{¶22} Appellants also argue the dismissal with prejudice was too harsh a sanction and less drastic alternatives should have been employed under the circumstances, as there was not a complete disregard for the judicial system.

{¶23} Appellants cite several cases in support of their argument and contend this case is analogous to those cases in which dismissal with prejudice was found to be too harsh a sanction. However, we find those cases distinguishable from the instant case.

{¶24} In *McMullen v. Cal Gas/Amerigan*, 5th Dist. Tuscarawas No. 96AP070058, 1997 Ohio App. LEXIS 3966, the plaintiff was confused as to the trial date as multiple motions for continuance were filed and the court itself continued the case numerous times. The trial court, *sua sponte*, dismissed the complaint with prejudice when plaintiff

failed to show up on the right trial date. *Id.* This Court reversed, citing plaintiff's legitimate confusion regarding the trial date, and the fact the plaintiffs were actively participating in the case before the failure to appear at trial. *Id.* In this case, there is no evidence of confusions as to dates. The trial court's order stated, "dismiss if plaintiffs' not located by December 31, 2016" and "cannot locate plaintiffs'/either dismiss or proceed with discovery." Additionally, the motion to dismiss cited the trial court's order to appellants' counsel to locate his clients and/or respond to discovery by December 31, 2016. Further, there is no evidence in the record there was any confusion as to the date set for the oral hearing on the motion to dismiss, as counsel for appellants was served with the motion one month prior to the hearing.

{¶25} In *Hart v. Printing Dispatch Co.*, 10th Dist. Franklin Nos. 98AP-1645, 99AP-706, 1999 WL 1042285 (Nov. 18, 1999), the Tenth District reversed the trial court's dismissal with prejudice, finding there was not a complete disregard for the judicial system because the appellant timely complied with the trial court's order in filing a response to the show cause order and appeared at the show causing hearing, stating she fully intended to pursue her cause of action and had not responded to the discovery requests because she had relocated twice. The appellant also requested an extension of the discovery cutoff. *Id.* However, in this case, appellants did not file a response to the motion to dismiss and did not appear at the hearing on the motion to dismiss. Further, appellants did not request an extension of the discovery cutoff.

{¶26} In *Ocran v. Richlak*, 8th Dist. Cuyahoga No. 99856, 2013-Ohio-4603, the Eighth District found where the appellant presented a valid explanation for the inability to attend the pre-trial conference as he lived out of state and had a new job, and where he

was available by phone and his counsel attended the pre-trial conference, dismissal with prejudice was an abuse of discretion.  In this case, appellants failed to present any explanation, either in a response to the motion to dismiss or by appearing at the hearing on the motion to dismiss, for the failure to proceed with discovery or announce their intent to pursue their claims.

{¶27}  In *Fulmer v. West Licking Joint Fire District*, 5th Dist. Licking No. 14-CA-58, 2014-Ohio-5843, we found dismissal with prejudice to be an abuse of discretion when the appellant filed a memorandum in opposition to the motion to dismiss, requested a continuance, provided the discovery at issue on the same day as the response to the motion to dismiss was filed, and appeared at the evidentiary hearing.  We found dismissal inappropriate when, even though appellant's counsel was late in providing discovery, he took immediate action after receiving the notice pursuant to Civil Rule 41(B)(1).  In this case, appellants did not take immediate action after receiving the notice pursuant to Civil Rule 41(B)(1), as they did not respond to the motion to dismiss or appear at the hearing on the motion to dismiss one month later.

{¶28} In the cases cited by appellants in which courts found dismissal with prejudice inappropriate, the failure to appear or respond was explained as resulting from excusable neglect or other extenuating circumstances that the trial court determined reasonably justified the failure to appear.  See *Simmons v. Narine*, 8th Dist. Cuyahoga No. 100545, 2014-Ohio-2771.  No similar facts exist in this case.

{¶29}  Rather, we find this case analogous to those cases finding the trial court did not abuse its discretion in dismissing the case with prejudice.  Specifically, in *Pembaur v. Leis*, 1 Ohio St.3d 89, 437 N.E.2d 1199 (1982), the appellant failed to attend a status

conference, leading the appellee to file a motion to dismiss pursuant to Civil Rule 41(B)(1). The trial court set a hearing on the motion. *Id.* The Ohio Supreme Court held that, under the circumstances, the trial court did not abuse its discretion in dismissing the case with prejudice as "where a plaintiff fails to totally appear * * * a dismissal with prejudice may be proper for such a failure indicates a lack of interest in pursuing the case."; See also: *Jones v. Hartranft*, 78 Ohio St.3d 368, 678 N.E.2d 530 (1997) (holding a trial court does not abuse its discretion in dismissing a claim with prejudice under Civil Rule 41(B)(1) when a plaintiff, who has had an objectively reasonable amount of time for discovery, fails to proceed upon scheduled trial date for want of evidence of defendant's liability); *Smith v. Smith*, 5th Dist. Muskingum No. CT2012-0060, 2013-Ohio-3551 (finding when appellant had a length of time to take action to prevent dismissal of the action, but failed to do so, the trial court did not err in dismissing pursuant to Civ.R. 41(B)(1)); *Combs v. REO Allegiance, Inc.*, 5th Dist. Muskingum No. CT2011-0005, 2011-Ohio-4437 (finding when appellant was directed to respond by June 9, but did not submit his responses until November 5 and those responses were incomplete, the trial court did not abuse its discretion in dismissing the matter with prejudice); *Simmons v. Narine*, 8th Dist. Cuyahoga No. 100545, 2014-Ohio-2771 (finding where the appellant offered no explanation for his failure to appear at the court-ordered settlement conference and there was nothing in the record to suggest his failure to appear was anything other than a deliberate act, dismissal with prejudice was not an abuse of discretion).

{¶30} In this case, appellants did not reply to discovery or provide the trial court or appellees any information regarding the status of their case or outstanding discovery pursuant to the November 2016 pre-trial order. Once being served with the motion to

dismiss, appellants did not oppose the motion.  Further, once being served with notice of the hearing on the motion to dismiss, appellants filed nothing in response and neither they nor their counsel appeared at the hearing on the motion to dismiss.  Accordingly, appellants took no action to indicate they intended to pursue their claims or explain to the trial court why their case should not be dismissed with prejudice.

{¶31}  Thus, although we recognize disposition of cases on their merits is favored and a dismissal with prejudice is a harsh sanction, we cannot say, based on the particular facts in this case, that the trial court abused its discretion in dismissing the complaint with prejudice.  Nothing in the record suggest the trial court acted in an unreasonable, arbitrary, or unconscionable manner.

{¶32} Appellants also argue that, pursuant to the discussions held at the November 2016 pre-trial, counsel for appellants agreed to voluntarily dismiss the case pursuant to Civil Rule 41(A) if he could not locate his clients by December 31, 2016.  Thus, appellants contend the trial court abused its discretion by dismissing the case with prejudice pursuant to Civil Rule 41(B)(1).  However, a transcript of the pre-trial has not been provided for our review.  In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980), the Supreme Court of Ohio held the "duty to provide a transcript for appellate review falls upon the appellant" because the "appellant bears the burden of showing error by reference to matters in the record."  Accordingly, we must presume the validity of the trial court's proceedings.  *Id.*  Additionally, appellants had the opportunity to voluntarily dismiss their case pursuant to Civil Rule 41(A) at any time prior to December 31, 2016; after December 31, 2016 and prior to the filing of COYC's motion on January

12, 2017; and in the month between the filing of the motion to dismiss and the oral hearing on the motion.  However, they chose not to do so.

{¶33}  Based on the foregoing, we find the trial court did not abuse its discretion in granting the motion to dismiss with prejudice.  Appellants' assignment of error is overruled.

{¶34}  The February 14, 2017 judgment entry of the Licking County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Wise, John, J., concur