[Cite as *Ford v. Smith*, 2018-Ohio-3751.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARY FORD, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiffs-Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 18-CA-01 |
| | : | |
| DAVID SMITH, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Mount Vernon
                             Municipal Court, Case No. 17CVH00456

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      September 13, 2018

APPEARANCES:

For Plaintiffs-Appellants:              For Defendants-Appellees:

MATTHEW M. NEIRMAN                      CHARLES T. MCCONVILLE
655 Cooper Road                         VINCE J. VILLIO
Westerville, OH 43081                   117 E. High St., Suite 234
                                        Mount Vernon, OH 43050

*Delaney, J.*

{¶1}   Plaintiffs-Appellants Mary Ford and Scott Smith appeal the December 13, 2017 judgment entry of Mount Vernon Municipal Court.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On May 26, 2017, Plaintiffs-Appellants Mary Ford and Scott Smith filed a complaint in the Mount Vernon Municipal Court against Defendants-Appellees David Smith, Pleasant Township Trustee; Teresa Bemiller, Knox County Commissioner; and Cameron Keaton, Knox County Engineer (hereinafter "Knox County"). In their complaint, Ford and Smith alleged on May 27, 2015, Ford was traveling on Range Line Road in Knox County. Ford was driving Smith's pickup truck. While driving, Ford alleged she struck a washed out and unrepaired section of the road that caused her to crash the truck. Ford suffered injuries and Smith's truck was damaged as a result of the accident. Ford and Smith alleged Knox County breached their duty to maintain the road.

{¶3}   Knox County filed an answer on June 12, 2017. Knox County raised as an affirmative defense that it had no actual or constructive notice of the condition of the road. It requested the trial court dismiss the complaint with prejudice.

{¶4}   The trial court held a pretrial conference on September 22, 2017, with the scheduling order filed the same day. Counsel for plaintiffs and defendants were present for the pretrial conference. The scheduling order set the following dates:

The parties must disclose all witnesses by October 20, 2017.

All discovery is to be completed by November 17, 2017.

All dispositive motions and responses shall be filed no later than December

1, 2017.

* * *

The parties shall file trial briefs, proposed jury instructions and jury interrogatories by January 5, 2018.

* * *

The matter is scheduled for Jury Trial on January 18-19, 2018 at 9:00 a.m.

{¶5}    Knox County filed its witness list on October 17, 2017 and October 18, 2017. On October 18, 2017 and October 31, 2017, Knox County served its discovery requests on Ford and Smith. Neither Ford nor Smith filed a witness list with the trial court or served discovery upon Knox County. Ford and Smith did not respond to Knox County's discovery requests.

{¶6}    On November 27, 2017, Knox County filed a joint motion for dismissal. It argued the complaint should be dismissed with prejudice pursuant to Civ.R. 41(B)(1) and Civ.R. 37(B)(1)(e) for the plaintiffs' failure to prosecute. It stated Ford and Smith failed to comply with any dates in the scheduling order. The joint motion was served on counsel for Ford and Smith by regular mail.

{¶7}    Ford and Smith did not file a response to the joint motion for dismissal.

{¶8}    On December 13, 2017, sixteen days after the motion was filed, the trial court granted the joint motion for dismissal. The trial court dismissed the complaint with prejudice.

{¶9}    It is from this judgment entry Ford and Smith now appeal.

**ASSIGNMENT OF ERROR**

{¶10} Ford and Smith raise one Assignment of Error:

{¶11} "THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' CASE PURSUANT TO CIV.R. 41(B)(1) AND CIV.R. 37(B)(1)(E). THE TRIAL COURT ABUSED ITS HEIGHTENED STANDARD OF DISCRETION IN DISMISSING APPELLANTS' CASE AND DID NOT CONSIDER THE PROPER FACTORS BEFORE TAKING THE EXTREME MEASURE OF DISMISSING THE CASE WITH PREJUDICE."

**ANALYSIS**

{¶12} Ford and Smith contend in their sole Assignment of Error that the trial court abused its discretion when it dismissed their complaint with prejudice for failure to prosecute. Civil Rule 41(B)(1) provides, "where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to plaintiff's counsel, dismiss an action or claim."

{¶13} Civil Rule 41(B)(3) states, "a dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal otherwise specifies." Thus, the rule provides that a dismissal is an adjudication on the merits, unless the court provides otherwise. *Pembaur v. Leis*, 1 Ohio St.3d 89, 437 N.E.2d 1199 (1982).

{¶14} The decision to dismiss a case pursuant to Civil Rule 41(B)(1) is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 678 N.E.2d 530 (1997). An abuse of discretion is more than an error of law or judgment; it implies that the action of the trial court was

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶15} Although reviewing courts employ an ordinary abuse of discretion standard of review for dismissal with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits. *S.C. v. Licking Cty. Health Dept.*, 5th Dist. Licking No. 17-CA-16, 2017-Ohio-7821, ¶ 14 citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997).

{¶16} In considering dismissals under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, however, "the extremely harsh sanction of dismissal should be reserved for cases when * * * conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." *Id.* In other words, a dismissal is reserved for those cases in which the "conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for a dismissal with prejudice for failure to prosecute or obey a court order." *Id.*

{¶17} In reviewing the argument of Ford and Smith, we first consider the issue of notice. Due process requires that notice be given to a party who is in jeopardy of having their claims dismissed so they have one last chance to comply with the order or to explain the default. *Sazima v. Chalko*, 86 Ohio St.3d 151, 712 N.E.2d 729 (1999). This notice requirement applies to all dismissals with prejudice. *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 488 N.E.2d 881 (1986). The purpose of the notice is to provide the party in default with an opportunity to explain the default or correct it. *Lodgson v. Nichols*, 72 Ohio St.3d 124, 647 N.E.2d 1361 (1995).

{¶18} In *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997), the Ohio Supreme Court explained that for purposes of Civil Rule 41(B)(1), notice is present of an impending dismissal, with prejudice, when the appellant, or counsel, has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. Subsequently, in *Sazima v. Chalko*, 86 Ohio St.3d 151, 712 N.E.2d 729 (1999), the Ohio Supreme Court held that, for purposes of Civil Rule 41(B)(1), counsel had notice of an impending dismissal with prejudice when counsel had been informed that dismissal is a possibility and had a reasonable opportunity to defend. The notice need not be actual, but may be implied if reasonable under the circumstances. *Id.* In this case, the record indicates appellants received proper notice of the possibility of dismissal and had a reasonable opportunity to defend against the dismissal.

{¶19} As this Court has previously held, pursuant to *Quonset Hut*, an appellee's motion to dismiss pursuant to Civil Rule 41(B)(1) is sufficient to put appellants' counsel on notice that the case could be dismissed with prejudice. *Fulmer v. West Licking Joint Fire District*, 5th Dist. Licking No. 14–CA–58, 2014–Ohio–5873; *Home Loan Savings Bank v. Russell*, 5th Dist. Coshocton Nos. 10–CA–05, 10–CA–08, 2010–Ohio–6409.

{¶20} Ford and Smith make no argument in their appellate brief and there is no evidence in the record that they or their counsel were not served with the joint motion for dismissal, which requested the trial court dismiss the complaint with prejudice. They do not raise the issue of excusable neglect arguing they were unaware of the joint motion to dismiss. Knox County filed the joint motion to dismiss on November 27, 2017 and served the motion on Ford and Smith the same day via regular mail. The trial court ruled on the joint motion to dismiss on December 13, 2018, sixteen days after the motion was filed.

We find Ford and Smith were informed that a dismissal with prejudice was a possibility and had a reasonable opportunity to defend against the dismissal. *See S.C., supra* at ¶ 21.

{¶21} The thrust of the appellate argument by Ford and Smith is that dismissal of their complaint with prejudice was too harsh of a sanction and the trial court should have used a less drastic alternative because their actions did not demonstrate a complete disregard for the judicial system. We find the argument raised by the parties is similar to issues addressed by this Court in *S.C. v. Licking Cty. Health Dept.*, 5th Dist. Licking No. 17-CA-16, 2017-Ohio-7821.

{¶22} In *S.C.*, the appellants filed a negligence complaint against the appellees. *Id.* at ¶ 2. A pretrial order was filed on September 12, 2016 and a scheduling conference was set for November 22, 2016. The appellees filed a pretrial brief per the terms of the pretrial order, but the appellants did not comply with the order. Counsel for both parties appeared for the pretrial conference on November 22, 2016. The appellants filed their pretrial statement on December 1, 2016. *Id.* at ¶ 6. On January 13, 2017, the appellees filed a motion to dismiss for failure to prosecute under Civ.R. 41(B)(1). The appellees alleged the appellants had not responded to discovery pursuant to the pretrial order. The motion to dismiss was served via regular mail. *Id.*

{¶23} The trial court set the matter for an oral hearing on February 13, 2017. On February 14, 2017, the trial court granted the motion to dismiss and the complaint was dismissed with prejudice. *Id.* at ¶ 8. The appellants appealed the February 14, 2017 dismissal, arguing they were not notified of the possibility of dismissal with prejudice and the sanction was unduly harsh. *Id.*

{¶24} We first determined the appellants received adequate notice that dismissal with prejudice was a possibility and had a reasonable opportunity to defendant against the dismissal. *Id.* at ¶ 21. We next analyzed whether the dismissal with prejudice was too harsh a sanction. The appellants cited to several cases where the sanction of dismissal with prejudice was found to be too harsh, but we found the cases to be distinguishable from the appellants' case. *Id.* at ¶ 23. In the cases cited by the appellants where the courts found dismissal with prejudice was inappropriate, the failure to appear or respond was explained as resulting from excusable neglect or other extenuating circumstances the trial court determined reasonably justified the failure to appear. *Id.* at ¶ 28. We found the facts in *S.C.* to be more similar to cases where the plaintiff makes no appearance during the pretrial proceedings and has no explanation for his or her lack of appearance:

> Rather, we find this case analogous to those cases finding the trial court did not abuse its discretion in dismissing the case with prejudice. Specifically, in *Pembaur v. Leis*, 1 Ohio St.3d 89, 437 N.E.2d 1199 (1982), the appellant failed to attend a status conference, leading the appellee to file a motion to dismiss pursuant to Civil Rule 41(B)(1). The trial court set a hearing on the motion. *Id.* The Ohio Supreme Court held that, under the circumstances, the trial court did not abuse its discretion in dismissing the case with prejudice as "where a plaintiff fails to totally appear * * * a dismissal with prejudice may be proper for such a failure indicates a lack of interest in pursuing the case."; See also: *Jones v. Hartranft*, 78 Ohio St.3d 368, 678 N.E.2d 530 (1997) (holding a trial court does not abuse its discretion in dismissing a claim with prejudice under Civil Rule 41(B)(1) when a plaintiff,

who has had an objectively reasonable amount of time for discovery, fails to proceed upon scheduled trial date for want of evidence of defendant's liability); *Smith v. Smith*, 5th Dist. Muskingum No. CT2012–0060, 2013–Ohio–3551 (finding when appellant had a length of time to take action to prevent dismissal of the action, but failed to do so, the trial court did not err in dismissing pursuant to Civ.R. 41(B)(1)); *Combs v. REO Allegiance, Inc.*, 5th Dist. Muskingum No. CT2011–0005, 2011–Ohio–4437 (finding when appellant was directed to respond by June 9, but did not submit his responses until November 5 and those responses were incomplete, the trial court did not abuse its discretion in dismissing the matter with prejudice); *Simmons v. Narine*, 8th Dist. Cuyahoga No. 100545, 2014–Ohio–2771 (finding where the appellant offered no explanation for his failure to appear at the court-ordered settlement conference and there was nothing in the record to suggest his failure to appear was anything other than a deliberate act, dismissal with prejudice was not an abuse of discretion).

*Id.* at ¶ 29.

{¶25} In *S.C.*, the appellants did not reply to discovery or provide the trial court or the appellees with any information regarding the status of their case or outstanding discovery pursuant to the pretrial order. *Id.* at ¶ 30. The appellants were served with the motion to dismiss but did not oppose the motion. The record in *S.C.* showed the appellants took no action to indicate they intended to pursue their claims or to explain to the trial court why their case should not be dismissed with prejudice. *Id.*

{¶26} We find the facts of the present case to be analogous to those in *S.C.* Ford and Smith attended the pretrial conference, but failed to comply with the dates set in the scheduling order. Ford and Smith did not respond to Knox County's discovery requests. After service of the joint motion for dismissal, Ford and Smith did not oppose the motion. In their appellate brief, Ford and Smith give no explanation for their failure to oppose the motion to dismiss. Unlike the appellants in *S.C.*, Ford and Smith make no claim they were not notified of the possibility of dismissal with prejudice.

{¶27} In *S.C.*, we found the trial court did not abuse its discretion when it dismissed the appellants' complaint with prejudice. We stated, "* * * although we recognize disposition of cases on their merits is favored and a dismissal with prejudice is a harsh sanction, we cannot say, based on the particular facts in this case, that the trial court abused its discretion in dismissing the complaint with prejudice. Nothing in the record suggest the trial court acted in an unreasonable, arbitrary, or unconscionable manner." *Id.* at ¶ 31. We find our holding in *S.C.* to be applicable to the present case. The facts of this case do not demonstrate the trial court acted in an unreasonable, arbitrary, or unconscionable manner when it dismissed the complaint of Ford and Smith with prejudice.

{¶28} The sole Assignment of Error of Ford and Smith is overruled.

## CONCLUSION

{¶29} The judgment of the Mount Vernon Municipal Court is affirmed.

By:  Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.